Anna M. JOHNSON, Appellant,

v.

Arthur S. FLEMMING, Secretary of the Department of Health, Education and Welfare, Appellee.

No. 5949.

United States Court of Appeals
Tenth Circuit.

Feb. 24, 1959.

Carl Johnson, for appellant.

William G. Walton, Asst. U. S. Atty., for Dist. of Wyoming, Cheyenne, Wyo.

(John F. Raper, Jr., U. S. Atty., for Dist. of Wyoming, Cheyenne, Wyo., was with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

LEWIS, Circuit Judge.

This is an appeal from a judgment of the District Court for the District of Wyoming denying to appellant, upon review under 42 U.S.C.A. § 405(g), a claim for old age insurance benefits sought under the Social Security Act, 42 U.S.C.A. § 301 et seq. The court below reviewed the merits of appellant's claims and by its judgment affirmed the decision of the Secretary of Health, Education and Welfare, finding that "the decision of the Board (Secretary) is supported by substantial evidence and such decision is conclusive upon this (trial) Court." The trial court also entered an order dismissing appellant's complaint because the claimant "failed to bring this action within sixty (60) days from the date of the mailing of the Administrator's decision."[1] Since the latter ruling, if correct, would be dispositive of the case upon jurisdictional grounds we first consider its basis.

■■ The present claim of appellant for old age insurance benefits was filed January 26, 1955, and subsequently heard by a referee. From an adverse decision at that level appellant then sought review by the Appeals Council. The review was denied and appellant was so notified by letter dated February 27, 1957. Appellant filed the instant suit in the District Court on Monday, April 29, 1957, sixty-one days after the mailing of the notice of the final decision of the Secretary. The sixtieth day having fallen on a Sunday, the question is thus presented as to whether or not the filing was timely under the applicable statute, 42 U.S.C.A. § 405(g), supra. The gen-

eral problem is a recurring one of many aspects both under Rule 6(a) Federal Rules of Civil Procedure, 28 U.S.C.A. and various statutes. However, it seems clear that the considerations of liberality and leniency which find expression in Rule 6(a), Prudential Oil & Minerals Co. v. Hamlin, 10 Cir., 261 F.2d 626, are applicable to statutory interpretation, Union Nat. Bank of Wichita, Kan. v. Lamb, 337 U.S. 38, 69 S.Ct. 911, 93 L.Ed. 1190, and as we stated in United States v. Peters, 220 F.2d 544, 546 " * * * while there is clear divergence of authority on the question, we share the view that in the absence of a controlling statute providing otherwise, when the last day of the period fixed for the doing of an act falls on Sunday, it may be done on the succeeding Monday." We conclude that the action filed pursuant to 42 U.S.C.A. § 405(g) was timely under the circumstances of this case; that the District Court had jurisdiction to review the decisions of the Secretary upon the merits; and that the instant appeal similarly encompasses a consideration of the merits of appellant's claim.

■ Appellant is a woman now eighty-two years of age. She first filed application for benefits from Social Security in October 1952, alleging entitlement by reason of self-employment earnings for 1951 and 1952 derived from a partnership, Arith-Matic Commercial Enterprise, formed with her two sons in 1951. Her claim was denied by the Secretary upon the ground that Arith-Matic was in fact the sole proprietorship of one of the sons, Carl, and that monies received by the claimant did not constitute net earnings from self-employment. The decision of the Secretary was affirmed as being supported by substantial evidence by the United States District Court (Wyoming), No. 3778 (not reported.) No appeal was taken to this Court and appellant's claims for Social Security

---

1. 42 U.S.C.A. § 405(g) provides:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow."

benefits based upon alleged earnings in 1951 and 1952 have been determined adversely to her contentions and with finality. Hobby v. Hodges, 10 Cir., 215 F.2d 754. She now asserts that rights to coverage for six quarters within the years 1953 and 1954 have been obtained by her through employment as a domestic, as a bookkeeper's assistant, and through self-employment income received from Arith-Matic for these years. Her first two claims were denied by the Secretary as being sham upon determination that her alleged services as a domestic were rendered to a non-paying guest residing in her home and that her asserted employment as a bookkeeper's assistant was but a pretense of participation in services rendered in actuality by her sons. The record reveals that these findings are not only supported by substantial evidence but are so manifestly correct that it would be superfluous to recite such evidence. Upon appellant's third claim, that she had self-employment income from Arith-Matic during 1953 and 1954, the referee refused to hear evidence, ruling that the lack of bona fides of this enterprise was res judicata by virtue of the final determination of her earlier claims for the years 1951 and 1952. This ruling we deem to have been error. The referee held:

"The referee has given careful consideration to the contentions advanced by Carl Johnson, and adopted by the claimant, concerning alleged self-employment income in the form of claimant's alleged distributive share of alleged partnership income from Arith-Matic Commercial Enterprise. The basic contention that the District Court's decision was not determinative as to the claimant's alleged distributive share for 1953 and 1954 must rest upon the determination whether this is the same alleged partnership which was the subject of that decision or whether any new or different partnership is involved. If this was the same partnership then the final decision of the Court determined its lack of bona

fides for all time and the passage of years will not change that. Nor will alleged income for subsequent years be free of that taint. * * * "

The agreement considered in the prior case was merely an oral agreement about which the claimant knew little or nothing. The referee there recognized that Mrs. Johnson had made a capital contribution and performed some services for the company, but found that the "Company was operated in 1951 and 1952 as the sole proprietorship of Carl Johnson." The decision might well have been based upon the view that there actually was no partnership agreement, that Mrs. Johnson did not intend to enforce her rights under the agreement, or that Carl Johnson did not intend to and did not alienate any of the interest of his business. Each of these elements is subject to change and, according to the contentions of the appellant, has changed since the prior decision. In the present case, the claimant entered into evidence written articles of agreement and letters which would indicate at least a power in her to act to bind the partnership.

The Company belonged originally to Carl Johnson and the decision of the referee in the first case was, in effect, that despite the alleged partnership agreement, he had not relinquished any of his rights as a sole owner to his mother and brother prior to 1952. It is claimant's contention that she now has a valid interest in the partnership; whether her right arose out of the enforcement of the original agreement or by reason of a new subsidiary agreement, the bona fides of the transfer of interest, if it occurred subsequent to the first hearing, could not have been determined in that proceeding.

The doctrine of res judicata generally extends only to facts and conditions as they existed at the time the judgment was rendered and does not apply where there are new facts which did not exist at the time of the prior judgment, Third Nat. Bank v. Stone, 174 U.S. 432, 19 S.Ct. 759, 43 L.Ed. 1035; People v. Ocean Shore Railroad Inc., 32 Cal.2d

406, 196 P.2d 570, 6 A.L.R.2d 1179. Appellant should be heard upon this aspect of her claim.

The case is remanded to the District Court for further proceedings in accord with the views expressed herein.