453 F.Supp. 435 (1978)
UNITED STATES of America for the Use of JOSEPH T. RICHARDSON, INC., Plaintiff,
v.
E.J.T. CONSTRUCTION COMPANY, INC., and Hydro-Mechanical Contractors, Inc., a/k/a Hydro-Mechanical Co., Inc. and American Casualty Company of Reading, Pennsylvania, Defendants.
Civ. A. No. 76-41.
United States District Court, D. Delaware.
June 8, 1978.
*436 Roy A. Shiels, of Brown, Shiels & Barros, Dover, Del., for plaintiff.
Robert B. Young, of Young & Schwartz, Dover, Del., for defendant Hydro-Mechanical.
George F. Gardner, III, of Biondi & Babiarz, Wilmington, Del., for defendants E.J.T. Construction Co. and American Casualty Co.

OPINION
STAPLETON, District Judge:
This is an action brought pursuant to the Miller Act, 40 U.S.C. § 270a, et seq., involving claims arising out of two construction projects at Dover Air Force Base in Delaware.[1] Plaintiff, Joseph T. Richardson, Inc. ("Richardson"), was the supplier of labor and materials for defendant Hydro-Mechanical Contractors, Inc. ("Hydro-Mechanical"), a subcontractor of the prime contractor, defendant E.J.T. Construction Company ("E.J.T."). The defendant American Casualty Company of Reading, Pennsylvania, ("American Casualty" or "the surety") is the surety for E.J.T. Richardson alleges that it has not received full payment for its performance under its contract with Hydro-Mechanical in the amounts of $64,050 on the dining hall project and $76,933 on the personnel office project. Presently before the Court is the motion of defendants E.J.T. and American *437 Casualty to dismiss the action on the ground that it is time barred by the limitations provisions of 40 U.S.C. §§ 270b(a) and 270b(b), and on the ground of lack of written notice, under 40 U.S.C. § 270b(a). Since I must go outside of the pleadings in order to dispose of the motion, it will be treated as one for summary judgment under Rules 12(b) and 56 of the Federal Rules of Civil Procedure.
In dealing with the motion, it is necessary to begin with the statutory provisions relied upon. 40 U.S.C. § 270b(b) provides:
Every suit instituted under this section shall be brought in the name of the United States for the use of the person suing, . . . but no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied by him.
40 U.S.C. § 270b(a) provides:
Every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect to which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons.

I. THE FACTS.
On July 17, 1973, E.J.T. entered into two construction contracts with departments of the United States government, whereby E.J.T. agreed to perform all labor and furnish all materials required for the construction of a dining hall and a personnel office at Dover Air Force Base, Delaware. Pursuant to the Miller Act, 40 U.S.C. § 270a, et seq., E.J.T. and its surety, American Casualty, executed payment bonds to the United States. E.J.T. subsequently contracted the mechanical portions of both contracts to Hydro-Mechanical. Hydro-Mechanical, in turn, subcontracted a sizeable portion of its contracts to Richardson. Richardson claims that it has not received full payment from Hydro-Mechanical on either contract. It filed the complaint in this action on January 23, 1976. The other relevant facts will be discussed in the course of this Opinion.

II. THE WORK OF SUBCONTRACTORS.
To some extent, Richardson relies upon the labor of firms to which it subcontracted portions of its contracts, for the purposes of meeting both the one year provision of Section 270b(b) and the ninety day provision of Section 270b(a). Defendants argue that Richardson may rely only upon the labor performed or materials supplied by its own employees and may not rely upon the dates upon which its subcontractors worked. I dealt with the same argument in United States for the Use of H. T. Sweeney & Son, Inc. v. E.J.T. Construction *438 Co., Inc., 415 F.Supp. 1328, 1333 (D.Del. 1976), and concluded with regard to Section 270b(b) that:
. . . the most reasonable interpretation of the limitations provision permits a subcontractor to rely on the work done by his subcontractor in computing the limitations period.
The defendants have not pointed to any reason why a similar interpretation should not also be applied to Section 270b(a). I believe that the most reasonable interpretation of Section 270b(a) also leads to the result that the plaintiff may rely on the work of its subcontractors in meeting the ninety day provision.
Accordingly, the Court must look to the dates of the labor performed and/or materials supplied both by Richardson and by its subcontractors in determining whether this action is barred, as a matter of law, by either the one year provision of Section 270b(b) or the ninety day provision of Section 270b(a).

III. THE LIMITATIONS CLAIMS.
Defendants next argue that none of the performance of labor or supplying of materials by Richardson or any of its subcontractors relating to either of Richardson's claims occurred within one year before January 23, 1976, the date on which the complaint in this action was filed, or within ninety days before July 24, 1975, the date of the notice sent by Richardson to E.J.T.'s surety. Since if there was any performance of labor or supplying of materials within the ninety day period immediately preceding July 24, 1975, then a fortiori there was also a performance of labor or supplying of materials within the one year period immediately preceding January 23, 1976, I will deal only with whether the ninety day provision of Section 270b(a) bars this action. If the action is not time barred by Section 270b(a), it is also not time barred by Section 270b(b), and there will be no need to deal with the second provision. If the action is time barred by Section 270b(a), there will also be no need to reach the second provision.
In paragraph ten of the complaint, Richardson has alleged that the last supplying of labor or materials in connection with the dining hall project occurred on May 6, 1975. The record shows that Richardson subcontracted much of its contract work to other firms. Mr. Richardson, the chief executive officer of the plaintiff, testified that a subcontractor of the plaintiff, Barber Colman Co., worked on the dining hall when it hung the "framed sequence of operations" for the environmental control system on May 6, 1975. Charles James, an employee of Barber Colman, testified that on May 6, 1975, a Barber Colman employee hung the framed sequence of operations in the dining hall.[2] Although defendants have pointed to other evidence in the record which indicates that Richardson's portion of the dining hall project may have been completed earlier than May of 1975, on this motion for summary judgment, I must construe the evidence in a manner most favorable to Richardson. Adickes v. S. H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Ransburg Electro-Coating Corp. v. Lansdale Finishers, Inc., 484 F.2d 1037 (3rd Cir. 1973); Brandywine One Hundred Corp. v. Hartford Fire Ins. Co., 405 F.Supp. 147 (D.Del.1975). Therefore, I must accept the May 6, 1975 date as true. Unless the labor performed and/or materials supplied on that date were insufficient, as a matter of law, to satisfy the requirements of Section 270b(a), the motion for summary judgment must be denied on this ground.
In paragraph seventeen of the complaint, Richardson has alleged that the last supplying of labor or materials in connection with the personnel office project occurred on April 30, 1975. The record shows that Richardson subcontracted much of its contract work to other firms. Mr. Richardson testified that the plaintiff's subcontractor, Stallings & Rupprecht, worked on the project on May 9, 1975. Mr. Rupprecht, a representative of Stallings & Rupprecht, testified that *439 on May 9, 1975, two of his employees were asked to go to the personnel office to insulate the water piping on the chemical feed system, to prevent dripping, and that those two employees worked for one and one-half hours each on that date. Mr. Richardson also testified that two of plaintiff's employees worked on a chemical feeder in the personnel office on June 9, 10 and 12, 1975, which required a substantial amount of work, and which was part of the original contract. One of these employees, Clayton Folke, also testified that he installed a sump pump during that period. Although defendants have pointed to evidence in the record indicating that Richardson may have completed the work on the personnel office project somewhat earlier than June of 1975, on this motion for summary judgment, I must construe the evidence in a manner most favorable to Richardson. Adickes v. Kress, supra. Therefore, I must accept the May 9, and June 9, 10 and 12, 1975 dates as true. Unless the labor performed and/or materials supplied on these dates were insufficient, as a matter of law, to satisfy the requirements of Section 270b(a), the motion for summary judgment must be denied on this ground.
The test of whether labor was performed or materials were supplied, for Miller Act purposes, was set out in Sweeney, supra, at 1332. There, I held "that repair work does not constitute the `performance of labor' or `supplying of materials.'" Only that work involving the original completion of the contract may be relied upon to toll the ninety day provision of Section 270b(a). See also United States for the Use of Austin v. Western Electric Co., 337 F.2d 568 (9th Cir. 1964). The question before the Court, therefore, is whether the work done on both contracts within the ninety day period preceding July 24, 1975, was part of the original work under the contract, or whether it was repair work. Based upon the record before me, I cannot conclude that the work done on the dining hall on May 6, 1975 or the work done on the personnel office on June 9, 10 and 12, 1975, were anything other than work in completion of the contracts.
With regard to the dining hall project, there is record evidence that the hanging of the framed sequence of operations on May 6, 1975 was part of the original completion of the contract. Mr. James so testified. In fact, defendants concede that the work performed on May 6, 1975 was performed under the contract, and was not repair work.[3] However, they argue that the hanging of the instructions was not an integral part of the contract, and was so insignificant that it should not be included as the performance of labor or supplying of materials. Even if I were to conclude that "insignificant" performance of labor or supplying of materials does not toll the Section 270b(a) provision,[4] based upon the current record, I *440 am not prepared to say that the work done on May 6, 1975 was insignificant. I cannot assume that because the hanging of instructions may have been a simple task that it was not an integral part of the contract. Without testimony on this matter, the Court cannot make such a finding. Cf. Johnson Service Co. v. Transamerica Insurance Co., 485 F.2d 164, 173 (5th Cir. 1973).
Since there is evidence that the labor performed and materials supplied on May 6, 1975 were done in completion of the dining hall contract, and since that date was within ninety days before July 24, 1975, and, therefore, within one year before January 23, 1976, defendants' motion for summary judgment, insofar as it relates to the dining hall project claim, will be denied on this ground.
Concerning the personnel office project, there is evidence indicating that the labor performed by the two Richardson employees on June 9, 10 and 12, 1975 was pursuant to, and in completion of, the contract. This evidence is also sufficient to compel a denial of the defendants' motion for summary judgment, with regard to the personnel office claim, on this ground.[5]

IV. THE WRITTEN NOTICE CLAIM.
Pursuant to 40 U.S.C. § 270b(a), quoted above, Richardson has an actionable claim under the Miller Act only if it provided written notice to E.J.T., the prime contractor, within ninety days of final performance, in accordance with the terms of that statute. Since I have already concluded that summary judgment would be inappropriate based upon the ninety days limitation provision, the issue remains whether the written notice given in this case was sufficient.
On July 23, 1975, Richardson mailed invoices showing the amount due on each of the two projects to Hydro-Mechanical. It also sent copies of those invoices to E.J.T. by certified mail on the same date. On July 24, 1975, G. Donald Sewell, an employee of Richardson, wrote to E.J.T.'s surety regarding the amounts due on the two contracts. That letter stated:
This is to confirm the writers conversation with you concerning the problem of securing payment against our contract with Hydro-Mechanical Contractors, Inc., who have the sub-contract for the mechanical work with E.J.T. Construction Co., Inc. on this job.
Attached hereto is a detail breakdown showing our requisition to Hydro-Mechanical Contractors, Inc., with their amounts, along with the payments received on this job. Also, attached is photo copy of "Payment Estimate-Contract Performance", itemizing the requisitions of E.J.T. Construction Co. Inc. showing amounts, together with the amount paid against contract.
We have completed this job, and as you can clearly see, the balance remaining due us is unquestionably out of context with payment made to us against our requisitions.
We sincerely ask that your Company review this matter in order to arrange for payment of our contract in full, and if there are any further questions in this matter, we would be very willing to meet with all parties concerned to discuss same, and ask that you please advise us of your progress.
*441 Although this was sent only to the surety and not to E.J.T. by Richardson, the record shows that the surety sent a copy to E.J.T. on July 28, 1975, which was received by E.J.T. on either July 29 or August 4, 1975,[6] together with a note stating:
Attached are copies of correspondence we received from Joseph T. Richardson, Inc. relative to the above contracts. We realize that there are two sides to every story and would appreciate hearing your side. Please let us hear from you in the near future.
In their brief, defendants note that (1) the Sewell letter was not sent by registered mail, (2) the notice was sent to the surety rather than the contractor, and (3) it is not clear that the written notice indicates an intent by Richardson to look to E.J.T. for payment. From these factors, they argue that the requirement of written notice found in Section 270b(a) was not met in this case. I believe that all three of the defendants' contentions lack merit.
In Fleisher Engineering & Construction Co. v. United States for the Use and Benefit of Hallenbeck, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 (1940), the Supreme Court held, in a situation similar to the one at hand, that Section 270b(a) requires written notice to the prime contractor as a condition precedent to an action under the Miller Act. However, the Court there also held specifically that where the contractor has actually received notice, registered mail is not a mandatory mode of service. See also United States to the Use of Excavation Construction, Inc. v. Glenn-Stewart-Pinckney Builders and Developers, Inc., 388 F.Supp. 289 (D.Del.1975). Since E.J.T. did actually receive the notice given here, the absence of service by registered mail is not of legal significance.
I believe that the language and spirit of Fleisher also dispose of the second contention, that notice must be sent directly to the prime contractor. The evidence here shows that the Sewell letter was promptly forwarded by the surety to E.J.T. In light of the facts that Richardson sent the notice within the statutory ninety day period and that E.J.T. actually received the notice within that period,[7] it does not seem to me to be crucial that the notice was received by E.J.T. through the surety. In Fleisher, it also appears that the written notice was not sent to the prime contractor directly, although it did eventually reach that party. There, the Court said, at 311 U.S. at 18, 61 S.Ct. at 83:
In the instant case, we may lay on one side the fact that the notice was addressed to the project engineer. As the court below said, it was admitted that the notice was in writing and that it reached . . . [the prime contractor]. And at this bar, the actual receipt of the notice and the sufficiency of its statements have not been challenged.
I conclude from this that where written notice[8] was given by the plaintiff, cf. United States for the Use of Old Dominion Iron & Steel Corp. v. Massachusetts Bonding and Insurance Co., 272 F.2d 73 (3rd Cir. 1959), within the statutory period, and was actually received by the prime contractor, that if the contents of the notice are sufficient, the requirements of Section 270b(a) have been met. In reaching this conclusion, I have taken into account the remedial purpose of the Miller Act and the liberal construction which it has been given. See Fleisher, supra.
Finally, the Court must consider whether the contents of the written notice were such, that as a matter of law, they were insufficient to put E.J.T. on notice that Richardson was looking to it for payment. *442 Sewell's letter clearly pointed to the claims in question, noted that Hydro-Mechanical had not paid the amounts due, and asked that arrangements for payment be made. I cannot find, especially on a motion for summary judgment, that as a matter of law the contents of the letter did not satisfy the requirements of the Act. Cf. United States for the Use and Benefit of A & W Concrete and Building Materials, Inc. v. A. P. Johnson Contractor, Inc., 225 F.Supp. 727 (E.D.La.1964).
For the reasons stated, defendants' motion for summary judgment will be denied.
NOTES
[1] These projects were for the construction of a personnel office and a dining hall.
[2] The last work done in the dining hall before May 6, 1975 appears to have been on April 17, 1975, more than ninety days before July 24, 1975.
[3] Defendants' Opening Brief, p. 33.
[4] I am not convinced that the performance of labor or supplying of materials which is "insignificant" or not an "integral" part of the contract does not meet the Section 270b(a) standard. As I said in Sweeney, the purpose of the limitation provisions found in the Miller Act is to provide the parties with a degree of certainty. In accordance with this purpose, it seems to me that the only reasonable standard of certainty is the date of final completion of the scheduled contract work, not the date of substantial completion or significant completion. I find the position that any original performance of labor or supplying of materials pursuant to the contract may be relied on by the plaintiff to toll the ninety day provision of Section 270b(a) more persuasive.

The cases which defendants cite do not seem to me to provide persuasive support for their position. United States for the Use of J. A. Edwards and Co. v. Peter Reiss Construction Co., 174 F.Supp. 264 (E.D.N.Y.), aff'd. 273 F.2d 880 (2nd Cir. 1959), cert. denied, 362 U.S. 951, 80 S.Ct. 864, 4 L.Ed.2d 869 (1960), appears to deal with a series of separate purchase orders, not with the completion of one contract.
Johnson Service Co. v. Transamerica Insurance Co., 349 F.Supp. 1220 (S.D.Tex.1972), aff'd, 485 F.2d 164 (5th Cir. 1973), holds that each case must be decided on its own facts and that simply stating that repairs do not toll the statutory period does not provide sufficient analysis. However, as I said in Sweeney, in dealing with the approach taken by the Fifth Circuit: "In my view, such case-to-case uncertainty is something Congress wanted to avoid". 415 F.Supp. at 1333, n. 19. Moreover, I do not see how Johnson supports the position the work done here was not sufficient to toll the statutory period.
[5] In their reply brief, at p. 6, the defendants state:

With regard to the factual contention of Plaintiff that Defendants concede that employees of Richardson were on the contract site in . . . June of 1975, Plaintiff's use of the word "concedes" is misleading in that what Defendant concedes is that Plaintiff's witnesses testify they were there and it will be up to this Court in its findings to determine whether or not they were in fact on the sites on such dates.
See also Defendants' reply brief at p. 2. The purpose of the mechanism of summary judgment is for the Court to decide legal issues, when there are no material facts in dispute. See Rule 56(c) of the Federal Rules of Civil Procedure. When, as here, the record indicates disputes as to material issues of fact, the case is not an appropriate one for summary judgment, and the Court will not make findings of fact. See, 10 Wright & Miller, Federal Practice and Procedure § 2725.
[6] The date of receipt does not appear to be crucial.
[7] Both July 29 and August 4, 1975 are within ninety days of the dates of final performance in the record which are most favorable to the plaintiff.
[8] The notice must be made in writing. Actual knowledge on the part of the contractor is not enough. See Glenn-Stewart-Pinckney, supra.