**The UNITED STATES of America For the Use of MAGNA MASONRY, INC., Appellee,**

v.

**R.T. WOODFIELD, INC., Defendant,**

and

**Fidelity and Deposit Company of Maryland, Appellant.**

**No. 82–1332.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 8, 1982.

Decided May 4, 1983.

Mitchell H. Stabbe, Washington, D.C. (Alexander M. Heron, John A. Whitney, Holland & Knight, Washington, D.C., Douglas D. Walker, Fairfax, Va., on brief), for appellant.

Wilburn L. Moore, Fairfax, Va. (William B. Clinch, Fairfax, Va., on brief), for appellee.

Before WINTER, Chief Judge, RUSSELL and HALL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

Fidelity and Deposit Company of Maryland, defendant below, appeals from a judgment in favor of Magna Masonry under the Miller Act, 40 U.S.C. § 270a–f, on the ground that the suit was not filed within the applicable one year limitations period. 40 U.S.C. § 270b(b). Use plaintiff Magna Masonry was the masonry subcontractor of R.T. Woodfield, Inc. on a federal construction project of which Woodfield was the general contractor. Under the Labor and Material Payment Bond required by the Miller Act, 40 U.S.C. § 270a(a)(2), Fidelity was Woodfield's surety. Magna began its work on the project on July 18, 1978, and finished on July 23, 1979. On August 22, 1979, however, government inspectors found deficiencies on which Magna worked until October 2, 1979, at no additional charge to Woodfield or the government. By letter of January 19, 1981, the government gave notice to the general contractor that the job was accepted as complete as of October 5, 1979. But when one of the earlier deficiencies, a leak in an exterior wall, continued, Magna had been required to do additional work until February 22, 1980, again at no additional cost to Woodfield or the government.

On July 24, 1980, Magna filed suit against Woodfield and Fidelity for payments allegedly due under its contract with the former. Action against Woodfield was stayed by its filing of a suggestion of bankruptcy, but Magna won a judgment of $26,000 against Fidelity. Both at trial and on appeal, Fidelity has asserted that the suit was barred by 40 U.S.C. § 270b(b), which provides that "no such suit shall be commenced after the expiration of one year after the day on which the last of the labor was performed or material was supplied . . . ." Magna has argued that its filing suit on July 24, 1980, was within the one year limitations period either because that day is included in the one year after the completion of its work on July 23, 1979, or because its work after July 23, 1979, should be deemed the "day on which the last of the labor was performed or material was supplied . . . ." The trial court adopted the first of these grounds and therefore found it unnecessary to address the second. We reverse because we find the trial court erred in calculating the statutory one year limitations period after July 23, 1979, and because no work done by Magna after that date operates to extend the limitations period.

The trial court based its inclusion of July 24, 1980, in the one year period after July 23, 1979, on an alternative holding in *United States ex rel. Altman v. Young Lumber Co.,* 376 F.Supp. 1290 (D.S.C.1974). In that case the district court held that a subcontractor's suit filed on August 31, 1973, seeking payment for work completed on August 30, 1972, was not time barred, since the claimant had done other work under the subcontract, albeit not work for which he was seeking payment, in September 1972. *Id.* at 1295. The court went on to hold in the alternative that, even if the one year limitations period of 40 U.S.C. § 270b(b) began to run on August 30, 1972, it included August 31, 1973, when calculated according to the provisions of Fed.R. Civ.P. 6(a).

Because we disagree with the application of Rule 6(a) to the Miller Act's limitations period suggested by the alternative holding in *Young Lumber,* we must address the plaintiff's alternative ground for asserting that its action was timely filed. Ac-

cording to the plaintiff, certain aspects of its work done after July 23, 1979, qualify as labor done or materials supplied under § 270b(b) and therefore should be considered the time from which the limitations period runs. In this circuit and the majority of circuits,

> [t]he applicable legal test ... is "whether the work was performed and the material supplied as a 'part of the original contract' or for the 'purpose of correcting defects, or making repairs following inspection of the project.' "

*United States ex rel. Noland v. Andrews,* 406 F.2d 790, 792 (4th Cir.1969), *quoting United States ex rel. Austin v. Western Electric Co.,* 337 F.2d 568, 572–73 (9th Cir. 1964). Finding no work done after July 23, 1979, that can be characterized as anything other than the making of repairs or the correcting of defects, we conclude that the filing of this action on July 24, 1980, was barred by the one year limitations period of 40 U.S.C. § 270b(b).

The judgment of the district court is accordingly

REVERSED.