780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
LEMON J. TOWNSEND, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5509
 United States Court of Appeals, Sixth Circuit.
 11/4/85
 
 APPEAL DISMISSED AND REMANDED
 E.D.Ky.
 ORDER
 BEFORE: ENGEL and MILBURN, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This matter is before the Court on appellee's motion to dismiss the appeal and remand the case to the district court for further proceedings. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record, appellee's motion and appellant's brief, this panel unanimously agrees that oral argument is not necessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 On July 29, 1983, the Secretary rendered a final decision affirming the determination of the Administrative Law Judge that denied appellant disability benefits. Appellant filed a petition for review of the Secretary's decision on October 3, 1983. The Secretary moved to dismiss the petition on the basis that it was not filed within the sixty day limit prescribed by 42 U.S.C. Sec. 405(g). The district court dismissed the petition by order of April 16, 1985; appellant has prosecuted this appeal from that order. The Secretary seeks dismissal and remand of the appeal on the basis that she previously misinterpreted the applicable regulations in seeking to dismiss the petition and now concedes that the petition was timely filed.
 
 
 3
 We conclude that the district court erred in dismissing the petition for review. 42 U.S.C. Sec. 405(g) provides for judicial review of the Secretary's final decision by commencement of a civil action within sixty days after the mailing to the claimant of such decision or within such further time as the Secretary may allow. Mailing is the date of receipt by the claimant, which is presumed to be five days after the date of the decision. 20 C.F.R. Sec. 422.210(c). The date of the Secretary's decision was July 29, 1983; appellant is presumed to have received the notice of the decision on August 3, 1983. The petition for review would be timely filed by October 2, 1983, which was Sunday. Applying Rule 6(a), Federal Rules of Civil Procedure, the time for filing the petition would be extended to Monday, October 3, 1983, the day on which the petition was filed. Johnson v. Flemming, 264 F.2d 322 (10th Cir. 1959). Because the Secretary has conceded that the petition was timely filed, coupled with application of the foregoing analysis, we conclude that the petition was timely filed and improperly dismissed.
 
 
 4
 Accordingly, the appellee's motion to dismiss the appeal and remand the case for further proceedings is granted and the order of the district court dismissing the petition is reversed pursuant to Rule 9(d)(4), Rules of the Sixth Circuit.