519 A.2d 470

**MOREFIELD COMMUNICATIONS, INC., Appellee,**

**v.**

**PURSEL CONSTRUCTION COMPANY, INC. and Pennsylvania National Mutual Casualty Insurance Company, Appellants.**

Superior Court of Pennsylvania.

Argued June 26, 1986.

Filed Dec. 23, 1986.

H. William Koch, Milton, for appellants.

Anthony Stefanon, Harrisburg, for appellee.

Before WIEAND, BECK and WATKINS, JJ.

WIEAND, Judge:

This appeal from a judgment entered in favor of a materialman and against a corporate surety on a payment bond requires that we interpret and apply the language of the bond requiring prompt notice of claims for unpaid materials.

On March 11, 1981, Pursel Construction Company (Pursel) entered into a contract with Lewisburg Elderly Associates for the construction of a housing project known as Lewisburg Elderly Housing in the Borough of Lewisburg, Union County. On the same date, Pursel delivered to Lewisburg Elderly Associates a payment bond which had been executed by Pursel, as principal, and Pennsylvania National Mutual Casualty Insurance Company (Penn National), as surety, and which guaranteed payment to subcontractors and materialmen. Pursel entered a subcontract with Long Electric, Inc. (Long) for the electrical work on the project. This subcontract provided, inter alia, that Long would be responsible for installing an emergency call and intercom system in the housing units. In accordance with the contract, Long issued a purchase order to Morefield Communications, Inc. (Morefield) for an emergency call and intercom system at a price of $6,458. Shop drawings, which Morefield agreed to supply and which consisted of lists and

diagrams of equipment making up the system, were submitted and approved early in 1981. On April 29, 1981, Long also requested a change which was made and which resulted in a price increase of $250.

By a series of shipments between July 29, 1981 and November 4, 1981, Morefield delivered to Long all of the equipment required by the purchase order. Sometime thereafter, Long abandoned the project. In December, 1981, Charles Pursel, the president of Pursel Construction Company, requested Morefield's salesman to supply him with "authentication diagrams" for the stated purpose of assisting another subcontractor in installing the system. The diagrams were supplied early in January, 1982.

On February 9, 1982, Morefield presented a claim for the unpaid price of the equipment to Penn National. Notice was also given to Pursel. Both Pursel and Penn National refused to pay the claim. They contended that they were relieved of liability by Morefield's failure to give notice of the claim within ninety (90) days of final delivery, as required by the bond. Morefield then filed an action in assumpsit for $7,118.77, which allegedly was the price which Long had agreed to pay for the emergency call and intercom system. The trial court, following trial without jury, dismissed the claim against Pursel but allowed recovery against Penn National.[1] Post-trial motions were denied, and this appeal followed by Penn National.

The payment bond executed by Pursel and Penn National contained the following notice provision:

No suit or action shall be commenced hereunder by any claimant:

(a) Unless claimant, other than one having direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, *within ninety (90) days after such*

---

1. The complaint also included a claim for $1,512.65, which represented Morefield's loss of profits on the sale of certain television equipment which, Morefield alleged, Pursel had agreed to purchase. The trial court found for Pursel and Penn National with regard to this claim, and Morefield has not contested that finding.

*claimant ... furnished the last of the materials for which said claim is made,* stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished ... Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety....

It is undisputed that Morefield gave notice of its claim to Penn National for the first time on February 9, 1982. It is also clear that the last delivery of equipment had been made by Morefield on November 4, 1981. Reference to a calendar suggests that the period intervening was ninety-six (96) days. Morefield contended in the trial court, however, that the delivery of authenticated diagrams in January, 1982 was the date on which the ninety (90) day period commenced. The trial court accepted Morefield's argument and found that notice of the claim had been timely. Penn National argues that this was error. We agree.

Although our research has disclosed no prior appellate court decisions in this Commonwealth which have interpreted similar notice requirements, relevant federal case law is instructive. This body of law has evolved from numerous cases arising under Section 270a of the Miller Act. See: 40 U.S.C.A. § 270a. Section 270a provides that a materialman may call upon the general contractor to answer for the debts of a subcontractor only if the supplier has given notice of its claim within ninety days after the day on which the last materials were furnished or supplied. Federal courts have unequivocally held that "[o]nly work involving the original completion of the contract may be relied upon to toll the ninety day [notice] provision...." *United States ex rel. Joseph T. Richardson, Inc. v. E.J.T. Construction Co.,* 453 F.Supp. 435, 439 (D.Del.1978), citing *United States ex rel. Austin v. Western Electric Co.,* 337 F.2d 568 (9th Cir.1964). See: *United States ex rel. Magna Masonry, Inc. v. R.T. Woodfield, Inc.,* 709 F.2d 249 (4th Cir.1983); *United States ex rel. Georgia Electric Supply Co. v. United States Fidelity & Guaranty Co.,* 656 F.2d 993 (5th Cir.

1981); *United States ex rel. Light & Power Utilities Corp.
v. Liles Construction Co.*, 440 F.2d 474 (5th Cir.1971);
*United States ex rel. Noland Co. v. Andrews*, 406 F.2d 790
(4th Cir.1969). Thus, if the materials supplied are a part of
the supplier's original obligations under the contract, the
ninety day period begins to run anew on the date when each
additional shipment is made. If, however, the additional
shipment is made in order to make repairs or provide
replacement parts, the running of the notice period will not
be tolled thereby. See: *United States ex rel. Magna Masonry, Inc. v. R.T. Woodfield, Inc., supra; United States
ex rel. Georgia Electric Supply Co. v. United States
Fidelity & Guaranty Co., supra; United States ex rel.
Light & Power Utilities Corp. v. Liles Construction Co.,
supra; United States ex rel. Joseph T. Richardson, Inc. v.
E.J.T. Construction Co., supra.*

The trial court found that the materialman had not performed his contract of sale fully until he supplied Pursel
with diagrams which enabled a new electrical subcontractor
to wire and install the system. It is correct, of course, that
"[t]he findings of the trial judge in a non-jury case must be
given the same weight and effect on appeal as the verdict
of the jury, and the findings will not be disturbed on appeal
unless predicated upon errors of law or unsupported by
competent evidence in the record." *Piccinini v. Teachers
Protective Mutual Life Insurance Co.*, 316 Pa.Super. 519,
524, 463 A.2d 1017, 1021 (1983). Our reading of the record,
however, fails to support a finding that the supplying of the
authentication diagrams by Morefield in January, 1982 was
part of Morefield's original contract with Long. Instead,
the record shows that November 4, 1981 was the date upon
which Morefield completed its entire obligation under the
contract with Long. This contract required Morefield, in
exchange for an agreed sum of money, to sell and deliver to
Long an emergency call and intercom system. The agreement also required Morefield to supply "shop drawings."
The drawings were supplied, reviewed and approved early
in 1981. All equipment purchased was thereafter delivered,
the final delivery being on November 4, 1981. As of that

date Morefield had fully performed its contract. Pursel's need for authentication diagrams in December 1981 arose, not because Morefield had failed to complete performance of its contract, but because Long had abandoned the project, thereby requiring Pursel to hire another subcontractor to install the system which had already been delivered to the site. The furnishing of additional diagrams may have been in the nature of a courtesy, but it was not required by Morefield's contract, and it did not serve to start anew the period within which notice of nonpayment was required to be given to the surety under the terms of its bond.

Judgment reversed.

BECK, J., files a dissenting opinion.

BECK, Judge, dissenting:

The trial court found that the authentication diagrams were a necessary part of the materials to be delivered on the contract. This finding was crucial to the determination that appellee-materialman's notice of non-payment was timely because the delivery of essential material pursuant to contract extends the notice period. *See United States v. E.J.T. Construction Co.*, 453 F.Supp. 435 (D.Del.1978).

There was a conflict in testimony. Materialman's witness testified that Pursel had indicated that the first electrical sub-contractor was not longer on the project and that Pursel "needed the diagrams to complete the project so that he could finish it up right on scheduled time...." (N.T. 14–15). This witness' subsequent testimony during cross-examination supports his initial testimony. Appellant's witness testified that the diagrams were for purposes of repair. Appellant further argues that the diagrams were insignificant. However, the trial court determined this issue of credibility in favor of materialman.

Since I do not believe the trial court erred in finding timely notice, I reach appellant's argument for set-off or mitigation of damages. Appellant never filed a counter-

claim. Furthermore in its answer, appellant did not raise an affirmative defense that the intercom system supplied by materialman was defective and that appellant made expenses to correct the defect. *See* 5 Standard Pa.Practice 2d 508 § 27:102. Failure to raise an affirmative defense constitutes waiver. Pa.R.Civ.P. 1032. Even if the issue had not been waived, the trial court properly found that appellant did not meet its burden of establishing the materials were defective. Although Pursel testified regarding payment to correct an intercom system, his testimony did not establish defective material.

Mindful of our scope of review, I dissent, and would affirm the judgment of the trial court.