**Claron D. BAILEY, Plaintiff,**

v.

**Mark FAUX, Faux Drywall Systems, Inc., Brown–Foutz Company, and John Doe, Defendants.**

**Civ. No. C–87–1025W.**

United States District Court, D. Utah, C.D.

Jan. 30, 1989.

Steven F. Alder, Cheryl M. Brower, Salt Lake City, Utah, for plaintiff.

Paul R. Howell, Mark R. Madsen, Salt Lake City, Utah, for defendants.

## MEMORANDUM DECISION AND ORDER

WINDER, District Judge.

This matter is before the court on defendant's motion to dismiss plaintiff's com-

---

plaint as untimely.[1] The court held a hearing on this matter on January 6, 1989. Plaintiff, Claron D. Bailey, was represented by Cheryl M. Brower. Defendant Brown–Foutz Company was represented by Mark R. Madsen. Prior to the hearing, the court had reviewed carefully the defendant's memorandum. No opposing memorandum had been filed by plaintiff. At the hearing, the court took the matter under advisement. On January 9, 1989 plaintiff filed a memorandum and an affidavit in opposition to the motion. Because the untimeliness of plaintiff's papers was apparently inadvertent and because the defendant did not object to the court's consideration of those papers, the court has considered them. Having reviewed carefully the facts and the law, the court now renders the following decision.

### Background

Plaintiff brings this suit under the Miller Act, 40 U.S.C. § 270a *et seq*, to recover payment for drywall materials supplied to the defendants from September 30, 1986 through November 12, 1986, and from October 22, 1986 through November 26,

1. The court ruled from the bench on defendant Brown–Foutz's other grounds for dismissal.

2. Plaintiff directly supplied the materials from September 30 through November 12, 1986. Drywall Supply Company supplied the materials from October 22 through November 26, 1986. Drywall assigned its claim to plaintiff. Plaintiff asserts that Drywall's materials may have originated with plaintiff and that if so, plaintiff supplied all the materials involved in this case, and should be allowed to calculate the statute of limitation for all of the materials on the basis of the last date any materials were supplied—November 26, 1986. The facts regarding the origination of Drywall's materials are disputed, and the legal effect of the assignment is not before the court at this time. Clearly, however, if the assignment is not effective to extend the plaintiff's "last supply" date, the plaintiff's claim for the materials he directly supplied from September 30 through November 12, 1986 is time barred. Plaintiff's assigned claim for the material Drywall supplied from October 22 through November 26, 1986, however, would still remain and present this statute of limitation question.

3. *United States ex rel. Altman v. Young Lumber Co.,* 376 F.Supp. 1290 (D.S.C.1974); *United States v. A.B.C. Roofing & Siding, Inc.,* 193 F.Supp. 465 (S.D.Cal.1961).

1986.[2] Suits under the Miller Act must be commenced within "one year after the day on which the last of the labor was performed or material was supplied." 40 U.S. C. § 270b(b). The last materials were supplied on November 26, 1986. Plaintiff filed his complaint on November 27, 1987. The court was closed on Thursday, November 26, 1987 in observance of Thanksgiving. The issue before the court is whether under these facts the plaintiff's claim is barred by the running of the one-year statute of limitation.

### Discussion

 To resolve this issue the court must determine three things. First, how to calculate a year for purposes of the Miller Act; second, from what day the year long period begins to run; and, third, whether the period is tolled for court closure on a legal holiday.

At the outset, the court will mention that relevant and helpful case law involving the Miller Act is limited. The court has located only two district court cases[3] and one federal circuit court case[4] on point. The out-

In *Young Lumber,* the last labor was supplied on August 30, 1972. The court applied Rule 6(a) and began the limitation period calculation on August 31, 1972. The court then held, however, that the one year period expired on August 31, 1973. This calculation was not explained by the *Young Lumber* court. Clearly, it is not the result which would be reached either by applying a calendar year or by counting 365 days.

In *A.B.C. Roofing,* materials were last supplied on May 20, 1959. The court expressly determined that Rule 6(a) Fed.R.Civ.Pro. applied to the Miller Act limitation period and held that a complaint filed on May 20, 1960 was timely. Because the court applied Rule 6(a), it must have calculated the limitation period as starting on May 21, 1959. Although the court did not indicate when the year expired, the outcome is consonant with a calendar year approach.

Neither of these cases involved the question of tolling the statute of limitation for court closure.

4. *United States for use of Magna Masonry v. R.T. Woodfield,* 709 F.2d 249 (4th Cir.1983). In *Woodfield,* the last labor and materials were supplied on July 23, 1979 and the complaint was filed on July 24, 1980. The *Woodfield* court held that the complaint was untimely and flatly rejected "the application of Rule 6(a) [Fed.R. Civ.Pro.] to the Miller Act's limitations period

comes in those cases are in conflict and those courts offered no explanation or insight into their rationales in resolving the statutory limitation questions involved. Logically, however, there does not appear to be anything about the Miller Act which would suggest that its statutory limitation period be calculated any differently than other federal statutes of limitation. Therefore, this court's determination of the issue at bar is controlled by logic and tenth circuit case law concerning the Rule 6(a) and the limitation period under another federal statute.

A. *Calculating a Year.* This court follows the calendar method of calculating a year. A calendar year is the "period from January 1 to December 31, inclusive." [5] Thus, a calendar method of calculating a one year period from any given date results in termination of that period in the next calendar year on the date one day prior to the starting date. For example, a year long period which begins on November 26, 1986 expires November 25, 1987 at the end of the day. The calendar method is useful because it encompasses months of different length and leap years and leaves little room for confusion over when a period ends.

B. *When the Limitations Period Begins, and Whether it is Tolled.* Rule 6(a) of the Federal Rules of Civil Procedure provides in pertinent part:

(a) Computation. In computing any period of time prescribed or allowed by these rules ... or by any applicable statute, *the date of the act, event, or default from which the designated period of time beings to run shall not be included.* The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday ... in which event the period runs until the end of the next day which is not one

of the aforementioned days.... As used in this rule ... "legal holiday" includes ... Thanksgiving Day....

Fed.R.Civ.Pro. 6(a) (emphasis added). If this Rule is applied to the Miller Act's limitation period, the calendar year will begin on the day after the last materials were supplied and will be tolled if necessary. Technically, however, the Federal Rules of Civil Procedure apply only to lawsuits once they have been initiated.[6] Because statutory limitation periods precede the institution of suit it is inappropriate to expressly apply Rule 6(a) to them.

The tenth circuit has addressed the application of Rule 6(a) to the limitation period under the Social Security Act. That decision is helpful to this court's determination of when the period begins and whether it is tolled for court closure.

In *Johnson v. Flemming,* 264 F.2d 322 (10th Cir.1959), the plaintiff filed a claim for old age insurance benefits under the Social Security Act, 42 U.S.C. § 301 et seq. After her claim was denied by the administrative referee, the plaintiff sought appellate review. She was informed by letter dated February 27, 1957 that the Appeals Council had denied review of the referee's decision, and that she had sixty days from the date of mailing of that notice within which to bring an action. Plaintiff filed suit on Monday, April 29, 1957, sixty-one days after the mailing of the notice. Her case was dismissed for untimeliness, and plaintiff appealed.

The tenth circuit court ruled that plaintiff's suit was filed timely, stating:

The general problem is a recurring one of many aspects both under Rule 6(a) Federal Rules of Civil Procedure, 28 U.S. C.A. and various statutes. However, it seems clear that *the considerations of liberality and leniency which find ex-*

---

suggested by the holding in *Young Lumber.*" 709 F.2d at 250. The court did not state what the proper method of calculating the year was, nor did it indicate the starting date or ending date of the limitation period. Furthermore, whether the fourth circuit court would also reject the tolling provision of Rule 6(a) is unknown, as is its attitude toward the principles behind Rule 6(a).

5. *Black's Law Dictionary* 184 (5th ed. 1979).

6. *See generally* 2 J. Moore, J. Lucas, H. Fink & C. Thompson, *Moore's Federal Practice* ¶ 6.06[2] (2d ed. 1988).

*pression in Rule 6(a) ... are applicable to statutory interpretation ... and as* we stated in *United States v. Peters,* 220 F.2d 544, 546 [ (10th Cir.1955) ] " * * * while there is clear divergence of authority on the question, we share the view that *in the absence of a controlling statute providing otherwise, when the last day of the period fixed for the doing of an act falls on Sunday, it may be done on the succeeding Monday."* 264 F.2d at 323 (emphasis added).

*Flemming* establishes that in this circuit, absent a "controlling statute providing otherwise," a limitation period which ends on a day when the court is closed will be tolled until the next day the court is open. When the limitation period *begins* to run, however, is arguably unclear.

Two factors have created this confusion. First, the *Flemming* court did not expressly state whether it was applying Rule 6(a) to the limitation period or applying *principles supporting* the Rule. If the court applied Rule 6(a), not only can the period be tolled for court closure, but the starting date of the limitation period is clearly established as the day after the event. The second factor involves a gap left by the court in its description of the facts. The court stated the date of the letter and the date of filing suit, but did not state the date of mailing. That is the critical date under the Social Security Act from which the sixty days will run. Knowing this date would allow this court to determine whether the *Flemming* court opted to apply either Rule 6(a) or its principles, rather than rejecting the "day after the event" calculation altogether. Clearly, if the court began the period on the date after the mailing, the court either applied Rule 6(a) or adopted the Rule's principles concerning the period's beginning as well as its tolling.

This court will assume that the date of the letter, February 27, is also the date of mailing.[7] Counting backwards sixty-one days from April 29, 1957 leads to the conclusion that the *Flemming* court considered February 28 to be day one of the sixty day period. Therefore, either the tenth circuit court applied Rule 6(a) to calculate the beginning of the period, or applied the *principles* under Rule 6(a) to both the starting date of the period and the court closure situation.

■ This court believes that the proper interpretation of *Flemming* is that the tenth circuit court adopts the principles behind Rule 6(a) and applies those principles to both calculate and toll federal statutes of limitation absent a *"controlling statute providing otherwise."* While it would be improper to expressly apply Rule 6(a) to the statutory limitation period, the principles behind Rule 6(a) are valid ones and are applicable by analogy. Furthermore, congruency between time calculations made under Rule 6(a) during the lawsuit and time calculations concerning statutory limitation periods made before the lawsuit reduces confusion and furthers principles of justice.

Therefore, the *Flemming* case supports a finding that plaintiff Bailey's complaint filed November 27, 1987 was timely. The Miller Act is not a "controlling statute providing otherwise" which would obviate the applicability of *Flemming* to this situation. This court finds nothing in the Miller Act which suggests that its statutory period should be calculated under different principles than those which support Rule 6(a). Accordingly, plaintiff Bailey's statutory limitation period began on November 27, 1986, the day after the last materials were supplied, and ended on November 26, 1987. Because the court was closed on November

7. This is the more reasonable explanation. Given the significance of the mailing date to the *Flemming* case, it is hard to imagine that the circuit court would fail to mention that date if it differed from the date of the letter. It is reasonable, however, that where the letter date and mailing date were the same the court might have assumed that "date of the letter" would be interpreted by the reader to mean the "date of mailing."

The alternate assumption is that the date of mailing was in fact February 28, 1957, one day after the date of the letter, and that the court calculated the sixty days beginning on that date. If so, the *Flemming* court clearly did not apply Rule 6(a) or its principles to resolve the starting date of the period. If it had, it would have found that the suit was filed on the sixtieth rather than the sixty-first day.

26, 1987 in observance of Thanksgiving, however, the period's end was tolled until November 27, 1987. Therefore, plaintiff's complaint filed on November 27, 1987 is timely.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss for untimeliness is DENIED.

IT IS FURTHER ORDERED that plaintiff is granted leave to amend his complaint to cover the origination of materials situation referred to in footnote 2 of this opinion.

This will suffice as this court's ruling on this motion and no further order need be prepared by counsel.