No. 99-017

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 349

303 Mont. 252

15 P. 3d 475

MIKEL DUNNINGTON,

Petitioner and Appellant,

v.

STATE COMPENSATION INSURANCE FUND,

Respondent and Respondent/Insurer for

CENTURY CONSTRUCTION CO. and

MOR-BERG, INC.,

Employer.

APPEAL FROM: Workers' Compensation Court, State of Montana

The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Torger Oaas, Attorney at Law, Lewistown, Montana

For Respondent:

Thomas E. Martello, Legal Counsel, State Compensation Insurance

Fund, Helena, Montana

Submitted on Briefs: May 25, 2000
Decided: December 21, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Mikel Dunnington (Dunnington) appeals from the findings of fact, conclusions of law and judgment entered by the Workers' Compensation Court (WCC) determining that the State Compensation Insurance Fund (State Fund) correctly calculated his disability benefits. We affirm.

¶2 The issue on appeal is whether the WCC erred in concluding that Dunnington was not concurrently employed at the time of his injury.

BACKGROUND

¶3 In the spring of 1994, Dunnington began working for Century Construction, Inc. (Century) as a traffic controller on Century's highway construction projects. Century generally paid Dunnington $9.00 per hour unless a particular construction project mandated "Davis-Bacon wages," which were higher. Due to the seasonal nature of the work, Dunnington's employment with Century ended in the late fall of 1994. In early January of 1995, Dunnington began working for Mor-Berg, Inc. (Mor-Berg), where his job duties included steam cleaning heavy equipment and janitorial work. His employment with Mor-Berg was part-time, on an "as needed" basis, and he was paid $6.50 per hour. In early spring of 1995, Dunnington went back to work for Century on its highway construction projects and again was laid off in the late fall when the weather made the construction work impossible. He returned to work for Mor-Berg in December of 1995.

¶4 On February 8, 1996, when working for Mor-Berg, Dunnington was injured while steam cleaning a construction loader. Mor-Berg was insured by the State Fund, which

accepted liability for the injury and paid Dunnington temporary total disability benefits, permanent partial disability benefits and medical expenses. The amount of Dunnington's disability benefits was determined based on his wages earned at Mor-Berg. Dunnington subsequently filed a petition in the WCC alleging that the State Fund's determination of his disability benefits based solely on his Mor-Berg wages was incorrect. He asserted that his benefits should be calculated based on an aggregation of both his Mor-Berg and his Century wages because the two companies were actually one entity or, alternatively, because he was concurrently employed by both companies at the time of his injury.

¶5 After a hearing on Dunnington's petition, the WCC entered findings of fact and conclusions of law. The court determined that Century and Mor-Berg were separate entities and that Mor-Berg was Dunnington's only employer at the time of his injury. As a result, the court concluded Dunnington's wages from the two employments could not be aggregated and the State Fund correctly calculated Dunnington's disability benefits using only his Mor-Berg wages. The WCC entered judgment dismissing the petition and Dunnington appeals only that portion of the WCC's decision which concluded he was not concurrently employed at the time of his injury.

## STANDARD OF REVIEW

¶6 Our review of WCC decisions is twofold. We review the court's findings of fact to determine whether they are supported by substantial credible evidence and we review its conclusions of law to determine whether those conclusions are correct. Hale v. Royal Logging, 1999 MT 302, ¶ 11, 297 Mont. 165, ¶ 11, 990 P.2d 1245, ¶ 11. Here, Dunnington does not challenge any of the WCC's findings of fact and, consequently, our review is confined to whether the court's legal conclusion that Dunnington was not concurrently employed at the time of his injury is correct.

## DISCUSSION

¶7 Did the WCC err in concluding that Dunnington was not concurrently employed at the time of his injury?

¶8 The amount of disability benefits paid to a claimant as a result of a work-related injury under the Workers' Compensation Act (the Act) is determined in relation to the wages the claimant was earning at the time of the injury. See, e.g., §§ 39-71-701(3), 39-71-702(3) and 39-71-703(6), MCA. Generally, wages are determined by calculating the claimant's average actual earnings for the four pay periods immediately preceding the date of injury.

Section 39-71-123(3)(a), MCA. It has long been the rule, however, that earnings from concurrent employments may be combined when determining a claimant's wages under the Act. <u>See</u>, <u>e.g.</u>, Gee v. Cartwheel Restaurant (1982), 197 Mont. 335, 338, 642 P.2d 1070, 1071 (citations omitted). The Montana Legislature codified this rule in 1989 and added it to the Act's definition of "wages." <u>See</u> 1989 Mont. Laws, Ch. 333, Sec. 12. The Legislature did not statutorily define concurrent employment at that time. <u>See</u> § 39-71-123 (4), MCA (1989). In 1995, however, the Legislature again amended § 39-71-123(4), MCA, to provide that

> "concurrent employment" means employment in which the employee was actually employed at the time of the injury and would have continued to be employed without a break in the term of employment if not for the injury.

Section 39-71-123(4)(a), MCA (1995). The 1995 statute was in effect at the time of Dunnington's injury and, therefore, it governs the determination of whether Dunnington was concurrently employed at the time of his injury. <u>See</u> <u>Hale</u>, ¶ 14.

¶9 In determining the amount of Dunnington's disability benefits, the State Fund calculated his wages pursuant to § 39-71-123(3)(a), MCA, by averaging his earnings from Mor-Berg over four pay periods. Dunnington asserted in the WCC that his earnings from Mor-Berg alone did not accurately reflect his actual earnings and the court should apply the § 39-71-123(3)(b), MCA, exception to the general wage calculation provision. He argued that, because he was employed by both Mor-Berg and Century, the court should determine his wages by aggregating his earnings from both companies as provided in § 39-71-123(4), MCA.

¶10 The WCC found that, at the time of his injury, Dunnington was employed by Mor-Berg, was not employed by Century because he had been laid off at the end of the construction season and his further employment with Century in the next construction season was not guaranteed. Based on these findings and the definition of "concurrent employment" in § 39-71-123(4)(a), MCA (1995), the WCC concluded that Dunnington was not concurrently employed at the time of his injury because he was not "actually employed" by Century. Dunnington asserts that the WCC's conclusion that he was not concurrently employed is erroneous.

¶11 Dunnington contends that the WCC misinterpreted the § 39-71-123(4)(a), MCA, definition of concurrent employment by reading the phrase "actually employed" as

precluding the aggregation of wages from seasonal employment when the claimant's injury occurred in the off-season of that employment. He argues that the statutory definition of concurrent employment should be interpreted in conformity with prior case law holding that earnings from seasonal employment may be included in determining a claimant's wages under the Act. In support of his argument, Dunnington cites Gee, Lovell v. State Comp. Mut. Ins. Fund (1993), 260 Mont. 279, 860 P.2d 95, and Walter v. Public Auction Yards (1979), 181 Mont. 109, 592 P.2d 497. We conclude, however, that these cases are not applicable here.

¶12 While the cases on which Dunnington relies are factually distinguishable from the present case, the most important distinguishing factor is that each of these cases was decided under versions of § 39-71-123, MCA, in effect prior to the 1995 amendment adding the definition of "concurrent employment" to the statute. See Gee, 197 Mont. at 337, 642 P.2d at 1071; Lovell, 260 Mont. at 285, 860 P.2d at 99; Walter, 181 Mont. at 113-14, 592 P.2d at 499. Consequently, those decisions did not interpret the phrase "actually employed" as used in § 39-71-123(4)(a), MCA (1995), and applicable here. It is well-established that, when determining a claimant's entitlement to benefits under the Act, we must apply the statutes in effect at the time the claimant was injured. Hale, ¶ 14. Thus, cases addressing different versions of the statute--especially versions which lack the specific language at issue here--are of no assistance.

¶13 In addressing whether the WCC correctly concluded Dunnington was not "concurrently employed," we must look first to the statutory definition of the term as provided by the Legislature in § 39-71-123(4)(a), MCA (1995). See, e.g., In re R.L.S., 1999 MT 34, ¶ 8, 293 Mont. 288, ¶ 8, 977 P.2d 967, ¶ 8. In construing that definition, we must pursue the intent of the Legislature and "we determine that intent by interpreting the plain meaning of the language used by the Legislature." In re R.L.S., ¶ 8. "The statutory language must be reasonably and logically interpreted and words given their usual and ordinary meaning." In re R.L.S., ¶ 8.

¶14 As stated above, "concurrent employment" is defined, in pertinent part, as "employment in which the employee was actually employed at the time of the injury . . . ." Section 39-71-123(4)(a), MCA (1995). The point of contention in this case is the interpretation of the phrase "actually employed." "Actual" is defined as "1. Existing and not merely potential or possible . . . . 2. Being, existing, or acting at the present moment . . . ." The American Heritage Dictionary 18 (3rd ed. 1992). Black's Law Dictionary similarly defines "actual" as "existing presently in fact . . . ." Black's Law

Dictionary 34 (6th ed. 1990). Thus, pursuant to the plain language of § 39-71-123(4)(a), MCA (1995), a claimant is concurrently employed if, when he or she is injured at one job, the claimant has a second job which, in fact, exists at that time.

¶15 Here, the WCC found that, at the time he was injured, Dunnington was employed only by Mor-Berg, he was not employed by Century and his future employment with Century was not guaranteed. The WCC's findings of fact--findings which Dunnington does not challenge--make it clear that Dunnington's employment with Century did not in fact exist at the time he was injured at Mor-Berg. As a result, Dunnington was not "actually employed" by Century at the time he was injured and, under the plain language of § 39-71-123(4)(a), MCA (1995), he was not "concurrently employed." We hold that the WCC correctly concluded that Dunnington was not concurrently employed at the time of his injury.

¶16 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ W. WILLIAM LEAPHART