No. 02-522

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 339

LAURIE PRESTON,

        Petitioner, Claimant and Appellant,

    v.

TRANSPORTATION INSURANCE CO.,

        Respondent and Insurer for,

WASTE MANAGEMENT,

        Employer, Respondent and Cross Appellant.

APPEAL FROM:    Workers' Compensation Court, State of Montana
                     Cause No. WCC 2001-0412
                     The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Richard J. Martin, Linnell Newhall Martin & Schulke, P.C., Great Falls, Montana

        For Respondent:

                David M. Sandler, Hammer Hewitt & Sandler, Kalispell, Montana

                         Submitted on Briefs:  March 27, 2003

                               Decided:  December 1, 2004

Filed:

                               Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Laurie Preston (Preston) appeals the judgment of the Workers' Compensation Court denying her petition to set aside the settlement Preston entered into with Transportation Insurance Company (Transportation), insurer to her former employer, Waste Management.

¶2 We affirm in part, reverse in part, and remand for further proceedings consistent with this Opinion.

¶3 We address the following issues on appeal:

¶4 1. Does filing a petition for mediation with the Department of Labor and Industry commence an "action?"

¶5 2. Does the statute of limitations for filing an action to set aside a settlement of a workers' compensation claim toll during the pendency of a statutorily-mandated mediation?

¶6 Transportation raises the following issue on cross-appeal which we affirm:

¶7 3. Did the Workers' Compensation Court err in finding that the statute of limitations began running on August 9, 1999?

## FACTUAL AND PROCEDURAL BACKGROUND

¶8 On September 14, 1994, while working at Waste Management, Preston went into the bathroom. As she closed the door, an eight foot, fifteen to twenty pound stretcher that was kept in the bathroom fell on her from behind. As a result of this accident, Preston injured her left arm, for which she received medical treatment.

¶9 Transportation accepted liability for Preston's industrial accident under Montana's Workers' Compensation Act. Subsequently, in the summer of 1995, Preston settled her claim with Transportation for $5,874.75.

¶10    At the time of her settlement, both Preston and Transportation knew that Preston had been diagnosed with depression.

¶11    Preston continued working for Waste Management for the next four years; however, her mental condition deteriorated over time. Consequently, Preston was referred to a psychiatrist.

¶12    Preston saw a psychiatrist on February 12, 1999. At that time, the psychiatrist diagnosed Preston with severe panic disorder with agoraphobia, severe major depressive disorder, post traumatic stress syndrome, and pathological gambling. The psychiatrist also, at that time, stated that it was her belief that one causal factor of Preston's mental condition was the industrial accident.

¶13    Preston felt she could no longer continue working due to her mental conditions, so she tendered her letter of resignation to Waste Management on August 9, 1999. Thereafter, Preston resigned from her position on August 25, 1999, and has not since worked.

¶14    On August 17, 1999, Preston's then-attorney wrote a letter to the workers' compensation claims' adjuster in an attempt to reopen her formerly-settled claim. The claims' adjuster denied this request.

¶15    Subsequently, after waiting more than one year after the denial of this request, Preston petitioned the Department of Labor to mediate her dispute with the claims' adjuster on November 29, 2000. The mediator issued her mediation report and recommendation on January 4, 2001.

¶16 Preston then petitioned the Workers' Compensation Court for a hearing on September 19, 2001, regarding the reopening of her formerly-settled claim. Preston submitted this petition after waiting more than nine months after the mediator issued her report.

¶17 After a hearing, the Workers' Compensation Court determined that there existed a mutual mistake of fact between Preston and Transportation regarding the severity of Preston's mental illness as a result of her industrial accident. However, the Workers' Compensation Court determined that reopening Preston's formerly-settled claim based on this mutual mistake of fact was time-barred under the two-year statute of limitations delineated in § 27-2-203, MCA. Hence, the Workers' Compensation Court denied Preston's petition to set aside the settlement she entered into with Transportation and dismissed her petition with prejudice.

¶18 Preston now appeals the Workers' Compensation Court's judgment.

**STANDARD OF REVIEW**

¶19 We review a Workers' Compensation Court's findings of fact to determine whether those findings are supported by substantial evidence. *Hiett v. Missoula County Public Schools*, 2003 MT 213, ¶ 15, 317 Mont. 95, ¶ 15, 75 P.3d 341, ¶ 15. We review a Workers' Compensation Court's conclusions of law to determine whether those conclusions are correct. *Hiett*, ¶ 15.

**DISCUSSION**

¶20 **1. Does filing a petition for mediation with the Department of Labor and Industry commence an "action?"**

¶21 Preston argues that by petitioning the Department of Labor for mediation, she commenced an action as that term is used in §§ 27-2-101, 27-2-102, and 27-2-203, MCA. Specifically, Preston argues that a petition for mediation is an action, as that term is used in § 27-2-101, MCA, because the petition is a "special proceeding of a civil nature." Hence, her petition, which was based on Preston and Transportation's mutual mistake regarding her mental illness, was timely because she petitioned the Department of Labor for mediation on November 29, 2000. Consequently, her petition was filed within two years from the discovery of the mutual mistake, which was August 9, 1999 (the day the statute of limitations began to run).

¶22 Transportation argues that a petition for workers' compensation mediation is not a "special proceeding of civil nature," because special proceedings, as those terms are used in §§ 27-2-101 and 27-2-102, MCA, mean court proceedings, not administrative proceedings. Hence, Preston's petition to reopen her formerly-settled claim on September 19, 2001, was untimely, as it was not filed within two years from the discovery of the mutual mistake on August 9, 1999.

¶23 Under § 27-2-101, MCA, the term "action" is "to be construed, whenever it is necessary to do so, as including a special proceeding of a civil nature." Some examples of special proceedings include writs of certiorari, writs of mandamus, and writs of prohibition. *See* §§ 27-25-101 et seq., 27-26-101 et seq., and 27-27-101 et seq., MCA. We have held that petitions for these writs are "special proceedings of a civil nature," in part because they are

based upon a judgment from which an appeal lies. *See Application of Bertelson* (1980), 189 Mont. 524, 617 P.2d 121.

¶24 In *Patterson v. State, Dept. of Justice*, 2002 MT 97, 309 Mont. 381, 46 P.3d 642, we held that civil proceedings "must be conducted in accordance with the Montana Rules of Civil Procedure." *Patterson*, ¶ 12. Under Montana's Workers' Compensation Act, mediation is a non-binding and informal meeting, wherein the claimant and the insurer attempt to settle their dispute with a neutral mediator's assistance. Specifically, § 39-71-2408(2), MCA, states the a resolution recommended by a mediator is "without administrative or judicial authority," and, hence, is "not binding on the parties." Indeed, § 39-71-2411(4), MCA, states that during mediation, a party is not limited by the rules of evidence, nor is a verbatim record made of the mediation proceedings, § 39-71-2410(1)(b), MCA.

¶25 Here, Preston's petition for mediation is a petition for a non-binding and informal meeting with Transportation, the mediator, and herself. This meeting, as the statute states, is "without administrative or judicial authority." Hence, Preston's petition for mediation is unlike other special proceedings--i.e., writs of certiorari, writs of mandamus, and writs of prohibition, to name a few--wherein the petition inheres from an appealable judgment.

¶26 Therefore, we hold that a petition for mediation does not commence an action, as that term is used in § 27-2-101, MCA.

¶27 **2. Does the statute of limitations for filing an action to set aside a settlement of a workers' compensation claim toll during the pendency of a statutorily- mandated mediation?**

¶28    Preston argues that the statute of limitations tolled during the pendency of her mediation because the Workers' Compensation Court did not have jurisdiction over her petition to reopen her claim until the mediation was complete. Hence, because the mediation lasted 62 days, the applicable two-year statute of limitations for claims of mutual mistake was extended by 62 days. And, as such, Preston argues that because she filed her petition to reopen her claim on September 19, 2001, and because the two-year statute of limitations had been extended by the 62 days, she was within the two-year time frame.

¶29    In the alternative, Preston argues that the statute of limitations was tolled under the doctrine of equitable tolling--as this Court articulated that doctrine in *Hash v. U.S. West Communications Services* (1994), 268 Mont. 326, 886 P.2d 442. Preston also argues that in the event that this Court holds that by petitioning the Department of Labor for mediation Preston did not commence an action, the statute of limitations was equitably tolled. She maintains that under the doctrine, her time within which to file a petition to reopen her workers' compensation claim was equitably tolled during the pendency of the mediation process.

¶30    Transportation first argues that administrative hearings do not toll a statute of limitations unless a statute expressly so provides. Because the Workers' Compensation Act does not contain any statute stating that a mediation tolls any statute of limitations, Transportation argues that Preston's mediation did not toll the statute of limitations to mutual mistake of fact. Second, Transportation argues that Preston abandoned her argument regarding the tolling of the statute of limitations under § 27-2-102(1)(a), MCA, as she cited

7

no authority to or explanation of her argument in her appellate brief. In addition, Transportation argues that Preston's argument concerning § 27-2-102, MCA, leads to an "absurd result," which both conflicts with settled case law and has "nothing to do with when statutes of limitations are tolled," as the language of § 27-2-102, MCA, is clear. Finally, Transportation argues that this Court should not consider Preston's "equitable tolling" argument, as Preston raises that argument for the first time on appeal.

¶31    As to Preston's equitable tolling argument, we decline to rule on the merits of that argument. Preston did not present her equitable tolling argument to the Workers' Compensation Court, and, accordingly, this theory was not properly preserved for appellate review. We have repeatedly held that we will not consider issues raised for the time on appeal because a district court--here the Workers' Compensation Court--cannot be faulted for not ruling on a theory which was never presented to it. *In re Marriage of Gerhart*, 2003 MT 292, ¶ 31, 318 Mont. 94, ¶ 31, 78 P.3d 1219, ¶ 31.

¶32    However, we still must determine whether the statute of limitations for Preston's mutual mistake of fact claim tolled during the pendency of her statutorily-mandated mediation.

¶33    Section 39-71-2408(1), MCA, states that:

[I]n a dispute arising under [the Workers' Compensation Act] . . . the insurer and claimant shall mediate any issue concerning benefits and the mediator shall issue a report following the mediation process recommending a solution to the dispute *before either party may file a petition in the workers' compensation court*. [Emphasis added.]

¶34    In addition, § 39-71-2905(1), MCA, states that:

8

A claimant or an insurer who has a dispute concerning any benefits under [the Workers' Compensation Act] . . . may petition the workers' compensation judge for a determination of the dispute *after satisfying dispute resolution requirements otherwise provided in . . . [the Workers' Compensation Act]. . . .* After parties have satisfied dispute resolution requirements provided elsewhere in . . . [the Workers' Compensation Act] . . . the workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under . . . [the Workers' Compensation Act]. . . . Emphasis added.]

¶35 Here, Preston petitioned for mediation on November 29, 2000. The mediator submitted her report on January 4, 2001, and from that date, Preston had 25 days within which to accept the mediator's recommendations or to petition the Workers' Compensation Court for resolution, § 39-71-2411(6), MCA. Taken together, the statutorily-mandated mediation process that Preston initiated took from November 29, 2000, to January 29, 2001-- a total of 62 days.

¶36 As § 39-71-2408(1), MCA, states, mediation is mandatory under the Workers' Compensation Act before a party can even petition the Workers' Compensation Court for relief. In addition, the Workers' Compensation Court does not have jurisdiction during the pendency of a statutorily-mandated mediation, given that a claimant may only petition the Workers' Compensation Court "after satisfying dispute resolution requirements otherwise provided" in the Workers' Compensation Act--such as mandatory mediation.

¶37 Given these clear statutory constructs, we hold that the statute of limitations tolled during the pendency of Preston's mediation. Hence, Preston had 62 additional days within which to file her petition to the Workers' Compensation Court regarding the reopening of

9

her previously-settled claim. The Workers' Compensation Court erred in concluding that Preston's claim was time-barred.

¶38 **3.** **Did the Workers' Compensation Court err in finding that the statute of limitations began running on August 9, 1999?**

¶39 Because we hold that Preston had 62 additional days within which to file her petition to reopen her formally-settled claim with the Workers' Compensation Court, the date the statute of limitations began to run becomes important.

¶40 Transportation argues that the statute of limitations began to run on February 12, 1999. On this date, Transportation contends that "[i]f the parties to the settlement were operating under a mistake, it concerned the severity of Preston's mental condition." In addition, Transportation argues that although Preston felt that she could no longer work due to her mental condition, that fact was "merely a consequence" to the fact that her mental condition was "more severe than what was thought at the time of the settlement of her workers' compensation claim." Hence, the fact that Preston felt that she could no longer work due to her mental condition was "not a separate mistake that started the running of the two-year statute of limitations."

¶41 Preston argues that because the settlement that she entered into in 1995 pertained only to her wage benefits, and not to her medical benefits, the fact that she realized in February 1999 that she needed medical treatment "does not amount to a mistake of fact." Rather, Preston argues, the realization that she could no longer continue working due to her mental condition of which she began treatment in February 1999 constituted the mistake of fact.

Because this did not occur until August 9, 1999, or August 17, 1999, Preston argues, the statute of limitations did not begin to run until either of those dates.

¶42 Under § 28-2-409, MCA, a mistake of fact

is a mistake not caused by the neglect of a legal duty on the part of the person making the mistake and consisting in:
(1)     an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract; or
(2)     belief in the present existence of a thing material to the contract which does not exist or in the past existence of such a thing which has not    existed.

¶43 Section 27-2-203, MCA, states that:

The period prescribed for the commencement of an action for relief on the ground of fraud or mistake is within 2 years, the cause of action in such case not to be deemed to have accrued until the discovery by the aggrieved party of the facts constituting fraud or mistake.

¶44 We review a workers' compensation court's findings of fact to determine whether they are supported by substantial evidence. *Hiett*, ¶ 15.

¶45 Here, the Workers' Compensation Court found the following:

I find that on August 9, 1999, the day claimant [Preston] penned her resignation, she was aware that she could no longer continue working on account of her mental condition and believed that her condition was related to her 1994 industrial accident. Thus, as of that date she was aware of the alleged mutual mistake of fact upon which she premises her present petition. At the latest, she was aware of the mistake and its connection to her industrial accident on August 17, 1999, when Mr. Randall O. Skorheim, the attorney representing her  at that time, wrote a letter to Sandy Mayernik requesting the insurer to reopen the claimant's claim on account of her mental condition and disability. . . .

¶46 Upon review of the record, we note that substantial evidence existed on which the Workers' Compensation Court based the above-quoted finding.  Therefore, we hold that

11

Preston was not aware of the mistake of fact regarding her mental condition until August 9, 1999. And, it is on that date that the statute of limitations began to run. Consequently, because the statute of limitations tolled during Preston's statutorily-mandated mediation, Preston had until October 10, 2001--taking into account the 62 additional days Preston's claim was in mediation--to file her petition with the Workers' Compensation Court. Preston filed her petition with the Workers' Compensation Court on September 19, 2001. Hence, her petition was timely, and the Workers' Compensation Court erred in concluding to the contrary.

¶47 The dissent takes issue with the fact that tolling is not expressly provided under the Workers' Compensation Act. However, the Workers' Compensation statutes themselves give the authority, namely §§ 39-71-2408(1) and 39-71-2905(1), MCA.

¶48 Again, as we stated, the Workers' Compensation Court did not have jurisdiction during Preston's mediation, given that: (1) the mediation she entered into was mandatory under § 39-71-2408(1), MCA; and (2) under § 39-71-2905(1), MCA, she had to wait to petition the Workers' Compensation Court until after satisfying the "dispute resolution requirements" otherwise provided in the Workers' Compensation Act--namely, the mandatory mediation of § 39-71-2408(1), MCA. On that basis, the statute of limitations tolled, thereby giving Preston an additional 62 days within which to file her petition.

**CONCLUSION**

¶49 In conclusion, we affirm the Workers' Compensation Court's finding that Preston was not aware of the mistake of fact on which her claim is based until August 9, 1999. We also

12

hold that a petition for mediation does not commence an action. However, we reverse the Workers' Compensation's Court's conclusion that Preston's claim was time-barred, as the statutorily-mandated mediation under the Workers' Compensation Act tolled the statute of limitations applicable to Preston's mutual mistake of fact claim. We remand this case to the Workers' Compensation Court for proceedings consistent with this Opinion.

¶50    Affirmed in part; Reversed in part; and Remanded for proceedings consistent with this Opinion.


/S/ JAMES C. NELSON


We Concur:

/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE
/S/ DAVID CYBULSKI
Honorable David Cybulski, District Court Judge
sitting for former Justice Terry N. Trieweiler

Chief Justice Karla M. Gray, concurring in part and dissenting in part.

¶51 I agree with the Court that filing a petition for mediation with the Department of Labor does not commence an "action" and, consequently, that the 2-year statute of limitations does not begin to run from the date Preston filed her petition for mediation. I also agree with the Court that the WCC's finding that the statute of limitations began to run on August 9, 1999, is not clearly erroneous. Finally, I agree with the Court that Preston's equitable tolling argument cannot be addressed because it is raised for the first time on appeal.

¶52 I disagree with the Court's conclusion that the 2-year statute of limitations tolled in this case. I would affirm the WCC's conclusion that Preston's petition was time-barred.

¶53 Both § 27-2-203, MCA, the statute of limitations for actions grounded on fraud or mistake, and the entirety of the workers' compensation statutes, are creations of the Legislature, which acted well within its constitutional prerogative under Article V, Section 1 of the Montana Constitution in enacting them. As such, it is this Court's job to ascertain the legislative intent, wherever possible, from the plain language of the statute; it is not our job to insert into those statutes what the Legislature has chosen to omit. *See Dunnington v. State Compensation Ins. Fund*, 2000 MT 349, ¶ 13, 303 Mont. 252, ¶ 13, 15 P.3d 475, ¶ 13; § 1-2-101, MCA.

¶54 Section 27-2-203, MCA, is perfectly clear in providing that an action for relief based on mistake must be commenced within 2 years. Section 27-2-203, MCA, also is perfectly

15

clear that the Legislature chose to provide that the cause of action for fraud or mistake does not accrue "until the discovery by the aggrieved party of the facts constituting the fraud or mistake." Here, the WCC found--and the Court and I agree--that the 2-year statute of limitations began to run on August 9, 1999. Thus, pursuant to § 27-2-203, MCA, the statute of limitations ran before Preston filed her petition with the WCC to reopen the workers' compensation settlement agreement based on mutual mistake of fact.

¶55    The only "tolling" period provided by the Legislature in § 27-2-203, MCA, is the "accrual" timing. No other provision in § 27-2-203, MCA, or the workers' compensation statutes provides additional means or methods for tolling the 2-year statute of limitations. The WCC declined, and so should this Court, to insert language into the statute which the Legislature omitted therefrom. *See* § 1-2-101, MCA.

¶56    Moreover, it cannot seriously be disputed that the Legislature is well aware of how to include in its statutes of limitations either specific tolling periods or some other mechanism for extending a statute of limitations in particular cases. For example, § 27-2-204, MCA, is the 3-year general statute of limitations for a tort cause of action. The Legislature expressly "excepted" from the 2-year general tort statute of limitations two specific tort actions, by providing that "[e]xcept as provided in 27-2-216 [tort action for childhood sexual abuse] and 27-2-217 [tort action for ritual abuse of a minor]" the 2-year limitation period applies. *See* § 27-2-204(1), MCA. It would have been easy for the Legislature to make a similar "exception" for cases such as the present case, by including an "except" provision and inserting a tolling provision into § 39-71-2408(1), MCA, and/or § 39-

16

71-2905, MCA, the statutes relating to the mandatory mediation process in the Workers' Compensation Act. It did not choose to do so.

¶57    Indeed, in this last regard, the Legislature is keenly aware of the means by which it can--when it chooses to do so--toll a statute of limitations for the period required for an administrative proceeding. It has done so, for example, in the Montana Medical Legal Panel Act. There, in § 27-6-702, MCA, the Legislature has expressly provided that

> [t]he running of the applicable limitation period related to a malpractice claim is tolled upon receipt by the director of the application for review as to all health care providers named in the application . . . . The running of the applicable limitation period does not begin again until 30 days after [various expressly stated circumstances].

In the present case, the Legislature has chosen not to toll the statute of limitations for an action based on fraud or mistake during the period required for the mandatory mediation prior to filing a petition in the WCC. In holding otherwise, the Court intrudes into the Legislature's constitutional arena. I will not join it in doing so, especially when the Court advances no authority for its action.

¶58    Moreover, the Court's response to the lack of authority for its action here--namely, that §§ 39-71-2408(1) and 39-71-2905(1), MCA, themselves provide the authority--is, at best, facile. The Court simply ignores the fact that those statutes bear no resemblance at all to other tolling provisions the Legislature has enacted when it intended to do so. The required mediation is a relatively short process readily capable of being completed soon after the carrier denies a demand to re-open and long before the running of the 2-year statute of limitations.

17

¶59 Finally, "plain meaning" and separation of powers concerns aside, I fear rocky times ahead with the Court's decision here. In the present case, the Court holds that the statute of limitations was tolled for 62 days--the period from Preston's petition for mediation through the "25 days within which to accept the mediator's recommendations or petition the Workers' Compensation Court." In other words, the Court apparently reads § 39-71-2411(6), MCA, as requiring a petition to the WCC "within the 25 days after the filing of the mediator's report." The statute does not so provide.

¶60 Section 39-71-2411(6), MCA, states that a party must notify the mediator within 25 days of the mailing of the report whether it accepts the recommendation; if either party does not accept the recommendation, the party may petition the court for resolution of the dispute. No time frame for petitioning the court is provided, further buttressing the absence of legislative intent to toll the statute for the mediation process. The Court again inserts what has been omitted.

¶61 The fact is that nothing in the statute states that the petition to the court must be filed within the 25 days. While not at issue here, a number of scenarios beg to be addressed. For example, what if a party notifies the mediator on the 25th day after the mailing of the report that she or he does not accept the recommendation? Must that party actually petition the WCC on the same day? If not, will the Court hold firm to its holding here? Or, when the next case comes and the petitioner files with the WCC three days after the 25th day, arguing for a "reasonable" period after the 25th day, will the Court determine that it did not really mean within the 25 days, but within a "reasonable" period thereafter? If the party notifies

18

the mediator that the recommendations are not accepted on the second day after the mediator mails the report, is the statute of limitations still tolled for the 25-day period?  Can a party wait until the last day of the 2-year statute of limitations to petition for mediation--for no reason at all--and thereby toll the statute of limitations at that time?

¶62   It is true that these scenarios may be cases for another day.  In an ordinary case, I would agree that our opinions--by their very nature--often spawn new issues which result in future litigation.  But when we create more work for the WCC and this Court by intruding into the Legislature's proper sphere of action, we are rightly accused of "bringing it on ourselves" when we express concerns about our ability to timely handle our workload.

¶63   I dissent from the Court's unsupported decision that the 2-year statute of limitations is tolled by the mandatory mediation process.  I would affirm the Workers' Compensation Court.

/S/ KARLA M. GRAY