CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶51 I agree with the Court that filing a petition for mediation with the Department of Labor does not commence an “action” and, consequently, that the 2-year statute of limitations does not begin to run from the date Preston filed her petition for mediation. I also agree with the Court that the WCC’s finding that the statute of limitations began to run on August 9, 1999, is not clearly erroneous. Finally, I agree with the Court that Preston’s equitable tolling argument cannot be addressed because it is raised for the first time on appeal.
¶52 I disagree with the Court’s conclusion that the 2-year statute of limitations tolled in this case. I would affirm the WCC’s conclusion that Preston’s petition was time-barred.
¶53 Both § 27-2-203, MCA, the statute of limitations for actions grounded on fraud or mistake, and the entirety of the workers’ compensation statutes, are creations of the Legislature, which acted well within its constitutional prerogative under Article V, Section 1 of the Montana Constitution in enacting them. As such, it is this Court’s job to ascertain the legislative intent, wherever possible, from the plain language of the statute; it is not our job to insert into those statutes what the Legislature has chosen to omit. See Dunnington v. State Compensation Ins. Fund, 2000 MT 349, ¶ 13, 303 Mont. 252, ¶ 13, 15 P.3d 475, ¶ 13; § 1-2-101, MCA.
¶54 Section 27-2-203, MCA, is perfectly clear in providing that an action for relief based on mistake must be commenced within 2 years. Section 27-2-203, MCA, also is perfectly clear that the Legislature chose to provide that the cause of action for fraud or mistake does not accrue “until the discovery by the aggrieved party of the facts constituting the fraud or mistake.” Here, the WCC found-and the *235 Court and I agree-that the 2-year statute of limitations began to run on August 9,1999. Thus, pursuant to § 27-2-203, MCA, the statute of limitations ran before Preston filed her petition with the WCC to reopen the workers’ compensation settlement agreement based on mutual mistake of fact.
¶55 The only “tolling” period provided by the Legislature in § 27-2-203, MCA, is the “accrual” timing. No other provision in § 27-2-203, MCA, or the workers’ compensation statutes provides additional means or methods for tolling the 2-year statute of limitations. The WCC declined, and so should this Court, to insert language into the statute which the Legislature omitted therefrom. See § 1-2-101, MCA.
¶56 Moreover, it cannot seriously be disputed that the Legislature is well aware of how to include in its statutes of limitations either specific tolling periods or some other mechanism for extending a statute of limitations in particular cases. For example, § 27-2-204, MCA, is the 3-year general statute of limitations for a tort cause of action. The Legislature expressly “excepted” from the 2-year general tort statute of limitations two specific tort actions, by providing that “[e]xcept as provided in 27-2-216 [tort action for childhood sexual abuse] and 27-2-217 [tort action for ritual abuse of a minor]” the 2-year limitation period applies. See § 27-2-204(1), MCA. It would have been easy for the Legislature to make a similar “exception” for cases such as the present case, by including an “except” provision and inserting a tolling provision into § 39-71-2408(1), MCA, and/or § 39-71-2905, MCA, the statutes relating to the mandatory mediation process in the Workers’ Compensation Act. It did not choose to do so.
¶57 Indeed, in this last regard, the Legislature is keenly aware of the means by which it can-when it chooses to do so-toll a statute of limitations for the period required for an administrative proceeding. It has done so, for example, in the Montana Medical Legal Panel Act. There, in § 27-6-702, MCA, the Legislature has expressly provided that
[t]he running of the applicable limitation period related to a malpractice claim is tolled upon receipt by the director of the application for review as to all health care providers named in the application .... The running of the applicable limitation period does not begin again until 30 days after [various expressly stated circumstances].
In the present case, the Legislature has chosen not to toll the statute of limitations for an action based on fraud or mistake during the period required for the mandatory mediation prior to filing a petition in the WCC. In holding otherwise, the Court intrudes into the Legislature’s *236 constitutional arena. I will not join it in doing so, especially when the Court advances no authority for its action.
¶58 Moreover, the Court’s response to the lack of authority for its action here-namely, that §§ 39-71-2408(1) and 39-71-2905(1), MCA, themselves provide the authority-is, at best, facile. The Court simply ignores the fact that those statutes bear no resemblance at all to other tolling provisions the Legislature has enacted when it intended to do so. The required mediation is a relatively short process readily capable of being completed soon after the carrier denies a demand to re-open and long before the running of the 2-year statute of limitations.
¶59 Finally, “plain meaning” and separation of powers concerns aside, I fear rocky times ahead with the Court’s decision here. In the present case, the Court holds that the statute of limitations was tolled for 62 days-the period from Preston’s petition for mediation through the “25 days within which to accept the mediator’s recommendations or petition the Workers’ Compensation Court.” In other words, the Court apparently reads § 39-71-2411(6), MCA, as requiring a petition to the WCC “within the 25 days after the filing of the mediator’s report.” The statute does not so provide.
¶60 Section 39-71-2411(6), MCA, states that a party must notify the mediator within 25 days of the mailing of the report whether it accepts the recommendation; if either party does not accept the recommendation, the party may petition the court for resolution of the dispute. No time frame for petitioning the court is provided, further buttressing the absence of legislative intent to toll the statute for the mediation process. The Court again inserts what has been omitted.
¶61 The fact is that nothing in the statute states that the petition to the court must be filed within the 25 days. While not at issue here, a number of scenarios beg to be addressed. For example, what if a party notifies the mediator on the 25th day after the mailing of the report that she or he does not accept the recommendation? Must that party actually petition the WCC on the same day? If not, will the Court hold firm to its holding here? Or, when the next case comes and the petitioner files with the WCC three days after the 25th day, arguing for a “reasonable” period after the 25th day, will the Court determine that it did not really mean within the 25 days, but within a “reasonable” period thereafter? If the party notifies the mediator that the recommendations are not accepted on the second day after the mediator mails the report, is the statute of limitations still tolled for the 25-day period? Can a party wait until the last day of the 2-year statute of limitations to petition for mediation-for no reason at all-and *237 thereby toll the statute of limitations at that time?
¶62 It is true that these scenarios may be cases for another day. In an ordinary case, I would agree that our opinions-by their very nature-often spawn new issues which result in future litigation. But when we create more work for the WCC and this Court by intruding into the Legislature’s proper sphere of action, we are rightly accused of “bringing it on ourselves” when we express concerns about our ability to timely handle our workload.
¶63 I dissent from the Court’s unsupported decision that the 2-year statute of limitations is tolled by the mandatory mediation process. I would affirm the Workers’ Compensation Court.