No. 03-588

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 20N

STATE OF MONTANA,

      Plaintiff and Respondent,

    v.

FAYE SLICE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula, Cause No. DC 86-7581
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Faye Slice, *pro se*, Montana Women's Prison, Billings, Montana

      For Respondent:

          Honorable Mike McGrath, Montana Attorney General, John Paulson, Assistant Attorney General, Helena, Montana; Fred Van Valkenburg, Missoula County Attorney, Missoula, Montana

Submitted on Briefs:  March 30, 2004

Decided:  February 8, 2005

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of nonciteable opinions published in the Pacific Reporter and Montana Reports.

¶2 Faye Slice (Slice), appearing *pro se*, presents several issues relating to the revocation of her suspended sentence for parole violations resulting in her current incarceration. We affirm.

## ISSUES

¶3 A restatement of Slice's issues is:

¶4

## FACTUAL AND PROCEDURAL BACKGROUND

¶19     In 1986, Slice was charged with three counts of issuing a bad check, felony; one count

of forgery; nine counts of deceptive practices, felony; two counts of felony theft; and one

3

count of misdemeanor theft.  A jury found her guilty of all but three deceptive practices counts.  In October 1987, she was sentenced to forty years at Montana State Prison with thirty-five years suspended.  Additionally, Slice was required to pay restitution of approximately $53,000.00 to the various victims of her crimes, including multiple charitable organizations.  Slice appealed and this Court affirmed the convictions. *State v. Slice* (1988), 231 Mont. 448, 753 P.2d 1309.

¶20 Slice was paroled in August 1989, and her parole time expired in June 1992. At that time she began serving the suspended portion of her sentence. In September 1994, Slice's probation was revoked for numerous probation violations including writing multiple bad checks, not paying required restitution, operating an unlawful business and pleading guilty to the felony offense of deceptive practices. Slice returned to the Montana Women's Prison (MWP) on September 19, 1994, having had ten years of her suspended sentence revoked. Slice was released from MWP in January 1996. Her parole on this sentence expired on February 24, 2002, at which time she once again began serving the remaining portion of her suspended sentence.

¶21 On October 8, 2002, the Missoula County Attorney's Office petitioned to revoke Slice's suspended sentence on the grounds that Slice had violated several conditions of her probation. Slice posted bond but then violated the terms of her release. She was re-arrested and held at the Butte Silver Bow jail until she was transferred to the Missoula County jail. On January 27, 2003, an evidentiary hearing was held. Subsequently, on February 5, 2003, the District Court concluded that Slice had violated three conditions of her probation by producing a counterfeit check, using a false name to write checks on the account of a non-profit organization for which she volunteered, and writing checks to herself and some local merchants on this same organization's account for personal expenses. On April 15, 2003, the court revoked the remaining twenty-five years of Slice's suspended sentence and sentenced her once again to MWP. On April 18, 2003, Slice filed a *pro se* Notice of Appeal

with the Montana Supreme Court. All of these actions and decisions occurred under District Court Case No. DC 86-7581.

¶22 On April 9, 2003, days before the District Court revoked Slice's suspended sentence in Case No. DC 86-7581, Slice filed a Petition for Writ of Habeas Corpus in this Court. Slice named Sargent B. Jacobson as the Respondent in her Petition and presented essentially the same issues and arguments that she presents in this appeal. On June 10, 2003, this Court denied Slice's Habeas Writ under § 46-22-101(2), MCA, but remanded it to the District Court with instructions that the Petition be filed in that court for proceedings on any cognizable postconviction relief claims. Upon receipt of the remanded Petition, the District Court assigned it Case No. DV 03-485. In September 2003, the District Court dismissed Slice's remanded Petition for Postconviction Relief (formerly Petition for Writ of Habeas Corpus) without prejudice in Case No. DV 03-485, concluding that such a petition was premature with an appeal pending in DC 86-7581.

¶23 The case before us constitutes Slice's appeal from the District Court's revocation of her suspended sentence in DC 86-7581.

## DISCUSSION

¶24 Slice, as appellant, is obligated to present this Court with a record sufficient to enable us to rule on the issues she raises. Rule 9, M.R.App.P. While Slice indicated in her Notice of Appeal that transcripts of all relevant proceedings would be provided to the Montana Supreme Court, she did not take the steps outlined in Rule 9 to ensure that that occurred. As a result, this Court has no transcripts from any of the court proceedings pertaining to Slice's

6

2002 revocation. Thus, we are unable to address those issues raised by Slice which call for a review of the District Court proceedings.

¶25　First, Slice challenges the District Court's denial of her postconviction relief petition (originally a Petition for Writ of Habeas Corpus before this Court) and the District Court's denial of her motion for summary judgment. She further claims that § 46-22-101(2), MCA, which makes habeas relief unavailable to attack the legality of an order revoking a suspended sentence, is unfair and unconstitutional. These issues arise directly out of the case of *Slice v. Jacobson*, District Court Case No. DV 03-485. Matters pertaining to or issues presented in Case No. DV 03-485 are outside the scope and record of this appeal, are not properly before us, and will not be addressed in this Opinion.

¶26　Turning to her direct appeal, Slice complains that her due process rights were violated when the Missoula County Detention Facility failed to provide her access to legal materials with which to prepare her case. At the time Slice was incarcerated at the Detention Facility, she was represented by counsel and, under *State v. Weaver*, 2001 MT 115, ¶ 24, 305 Mont. 315, ¶ 24, 28 P.3d 451, ¶ 24, the District Court was not obligated to accept or rule on her *pro se* motions. Moreover, there is no evidence in the record that Slice complained to the District Court that her rights had been violated. While she professes that "the district court had both opportunity and duty to address this issue," the record is devoid of any mention of this issue to the District Court. As a result, Slice did not preserve this issue for appeal, and we decline to address the merits of it. *Preston v. Transportation Ins. Co.*, 2004 MT 339, ¶ 31, 324 Mont. 225, ¶ 31, 102 P.3d 527, ¶ 31 (citation omitted).

7

¶27 Several other issues presented by Slice cannot be addressed because the District Court record provided to us shows no contemporaneous objection or presentation of legal argument that would have preserved the issues for appeal. Additionally, while Slice professes that she raised some of these issues during in-court proceedings, she has failed to provide us with transcripts from those proceedings that would enable us to confirm this or rule on these issues. The issues that we cannot address for want of a supporting record include Slice's claims that: 1) her probation officer and the Missoula County Attorney failed to file the required report of her probation violations within the statutory time period; 2) she was unaware that she was required to pay supervision fees as part of her probation terms; 3) her probation officer was unqualified and received special privileges as the daughter of her supervisor; 4) her probation officer engaged in misconduct and abused her authority while investigating Slice's probation violations; 5) her probation officer coerced Slice's confession; 6) she was unlawfully arrested; 7) her probation officer and police officers conducted an unlawful search of Slice's residence and place of business; and 8) Slice's accountability for the debts of her employer.

¶28 Slice also claims that she was denied effective assistance of counsel during revocation proceedings. When addressing an ineffective assistance of counsel claim on appeal, we make a distinction between claims that are record-based and those that are non-record-based. "If the record does not supply the reason for counsel's act or omission, the claim must be raised by petition for post-conviction relief." *State v. Bateman*, 2004 MT 281, ¶ 23, 323 Mont. 280, ¶ 23, 99 P.3d 656, ¶ 23 (citations omitted). "We will not hold that an attorney's

actions were ineffective if they were tactical. If we cannot ascertain from the record whether or not counsel's actions were tactical, our standard procedure is to dismiss an appellant's claim without prejudice and allow him to file a petition for postconviction relief in the District Court." *Bateman*, ¶ 23 (citations omitted).

¶29 The sparse record before us reveals no reason for the omissions Slice alleges her attorney committed, such as failure to call witnesses, failure to file various briefs, or failure to provide documentary evidence on Slice's behalf during the evidentiary hearing. Contrary to Slice's argument, we cannot conclude from these absences that counsel was ineffective. *State v. White*, 2001 MT 149, 306 Mont. 58, 30 P.3d 340. Because the record provided to us offers no explanation for Slice's attorney's actions, Slice should pursue this claim in a postconviction proceeding where counsel has an opportunity to respond to the allegations and a record may be developed. *Bateman*, ¶ 23.

¶30 Slice accuses Judge Douglas Harkin, the presiding District Court judge in her revocation proceeding, of exhibiting "a fifteen-year pattern of persistent judicial prejudice" against her. However, despite her alleged belief at the inception of her 2002 revocation proceeding that Judge Harkin had harshly mistreated her on two previous occasions, Slice took no actions to request that Judge Harkin recuse himself or to have this Court disqualify him for cause. Section 3-1-805, MCA, sets forth the procedure for seeking disqualification of a judge. Slice failed to take any action and failed to raise this issue in the District Court; therefore, she has waived her right to now appeal on this ground.

¶31 We further note that Slice's primary complaint against Judge Harkin appears to stem from what Slice considers to be unreasonably harsh sentences. However, under § 46-18-903, MCA, the appropriate procedure for Slice to have challenged her sentences would have been the filing of a request for review before this Court's Sentence Review Division within sixty days from the date each sentence was imposed. Slice failed to exercise this right. We will not review the alleged excessiveness of Slice's sentences here.

¶32 Lastly, Slice maintains that she was not brought before the sentencing court until sixty-nine days after her arrest and that this length of time does not comply with the statutory requirement to bring an offender before a judge "without unnecessary delay" as set forth in § 46-18-203(4), MCA. While we note that the record contains a reference to such "unnecessary delay" by Slice's attorney, no argument to support Slice's claim of unnecessary delay was presented nor was the issue put before the District Court for resolution. As a result, this issue was not preserved for review.

## CONCLUSION

¶33 Affirmed.

/S/ PATRICIA O. COTTER

We Concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON

10

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS