No. 05-070

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 267N

GARY L. QUIGG,

   Petitioner and Appellant,

 v.

MONTANA STATE FUND,

   Respondent and Respondent.

APPEAL FROM:  The Workers' Compensation Court,
       Honorable Mike McCarter, Presiding Judge

COUNSEL OF RECORD:

   For Appellant:

     Gary L. Quigg, *Pro Se*, Deer Lodge, Montana

   For Respondent:

     Greg E. Overturf, Montana State Fund, Helena, Montana

          Submitted on Briefs: September 21, 2005

             Decided:  October 25, 2005

Filed:

              Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Gary Quigg (Quigg) was injured while performing community service, which had been ordered as a condition of his parole by the Montana State Board of Pardons. The Montana State Fund (State Fund) provided Quigg with medical benefits and an impairment award but denied Quigg's eventual request for rehabilitation, temporary total disability and permanent partial disability benefits. Quigg sued to get these benefits, and the Workers' Compensation Court granted summary judgment in favor of the State Fund. Quigg now appeals, and we affirm.

¶3 Gary Quigg is currently serving a life term in Montana State Prison. On February 5, 1993, Quigg was granted parole by the Montana State Board of Pardons. As a condition of his parole, Quigg was required to perform seventy hours of community service. Quigg initially objected to this condition. After the Board of Pardons informed him that refusal to perform community service amounted to rejection of the Board's offer of parole, however, Quigg agreed to perform the community service.

¶4 While fulfilling his community service obligation in April 1993, a refrigerator fell on top of Quigg and he herniated a lumbar disk. The organization that Quigg worked for while

2

completing his community service did not pay him any wage but it did pay premiums to State Fund to provide him with workers' compensation coverage. Accordingly, State Fund accepted liability for Quigg's injury and paid medical benefits and an impairment award, pursuant to § 39-71-118(1)(f), MCA (1991).

¶5 In 1996 Quigg's parole was revoked, and he was again incarcerated in Montana State Prison.

¶6 In 1997 Quigg attempted to procure rehabilitation benefits, rehabilitative services, temporary total disability and permanent partial disability benefits from State Fund. Eventually, Quigg's claim reached the Workers' Compensation Court, wherein he requested a determination that he would be entitled to these benefits if and when he is again released from incarceration. Quigg failed, however, to request that the Workers' Compensation Court determine his right to rehabilitative services. The court determined that Quigg is not entitled to temporary total disability benefits because he was earning no wage when injured. The court also observed that § 39-71-744, MCA (1993), prohibits conferring disability or rehabilitation benefits on a person who is incarcerated. Consequently, the court granted State Fund's motion for summary judgment and dismissed Quigg's petition. The court held that Quigg had presented a non-justiciable claim because his purported entitlement to benefits was dependent on his hypothetical future release from incarceration; thus, his claim was not ripe for adjudication. Quigg now appeals dismissal of his petition.

¶7 Our standard of review of the Workers' Compensation Court's grant of summary judgment is *de novo*. *Matthews v. BJS Construction, Inc.*, 2003 MT 116, ¶ 12, 315 Mont.

441, ¶ 12, 68 P.3d 865, ¶ 12 (citations omitted). Accordingly, the movant must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Rule 56, M.R.Civ.P.; *Matthews*, ¶ 12 (citations omitted). In addition, we review the Workers' Compensation Court's conclusions of law to determine whether they correctly interpreted the law as it applies to the facts of the case. *Matthews*, ¶ 14 (citations omitted).

¶8     Quigg claims that the Workers' Compensation Court erroneously granted summary judgment in favor of State Fund. He argues that his case is ripe for adjudication because his entitlement to disability benefits are overdue and he is entitled to receive them upon his eventual release. He contends that he was not performing legally required community service within the meaning of § 39-71-118(1)(f), MCA, but instead was an employee who is entitled to full benefits. He argues that he is entitled to: vocational rehabilitation services, pursuant to § 39-71-1014, MCA (1991); rehabilitation benefits, pursuant to § 39-71-1003, MCA (1991); temporary total disability benefits, pursuant to § 39-71-701, MCA (1991); and permanent partial disability benefits, pursuant to § 39-71-703, MCA (1991). Finally, Quigg argues that § 39-71-118(1)(f)(i), MCA, violates his constitutional right to equal protection of the law.

¶9     State Fund argues that Quigg's claim is not ripe for adjudication because he is ineligible to receive any benefits unless and until he is released from incarceration. State Fund notes that unless he is treated as a person performing community service, Quigg does not fit the statutory definition of an "employee" under the Workers' Compensation Act, § 39-71-118, MCA (1991), and is not entitled to any benefits. State Fund asserts that because

4

Quigg was not earning a wage, he cannot be considered an "employee" under a contract of hire.

¶10    When assessing a claimant's entitlement to benefits under the Workers' Compensation Act, we apply the statutes in effect at the time the claimant was injured. *Dunnington v. State Compensation Ins. Fund*, 2000 MT 349, ¶ 12, 303 Mont. 252, ¶ 12, 15 P.3d 475, ¶ 12 (citing *Hale v. Royal Logging*, 1999 MT 302, ¶ 14, 297 Mont. 165, ¶ 14, 990 P.2d 1245, ¶ 14). Thus, § 39-71-101, MCA (1991) *et seq.*, govern our resolution of this case.

¶11    In his petition for a hearing before the Workers' Compensation Court, Quigg requested that the court order that he is entitled to rehabilitation *benefits*. In his response to State Fund's motion for summary judgment, Quigg likewise argues that he is entitled to rehabilitation benefits.[1] The Workers' Compensation Court granted summary judgment in favor of State Fund on the grounds that Quigg could not receive rehabilitation *benefits* while incarcerated. Quigg asserts his entitlement, pursuant to § 39-71-1014, MCA (1991), to rehabilitation *services* for the first time on appeal. We will not entertain an issue or theory raised for the first time on appeal. *Preston v. Transportation Ins. Co.*, 2004 MT 339, ¶ 31, 324 Mont. 225, ¶ 31, 102 P.3d 527, ¶ 31. Accordingly, we dismiss Quigg's claim that he is entitled to rehabilitation services.

¶12    Rehabilitation benefits are statutorily defined as pecuniary benefits that an injured worker may receive to cover the costs of vocational rehabilitation. Section 39-71-1011(3),

---

[1]Quigg's response repeatedly refers to rehabilitation "benefits" that he purportedly should receive, pursuant to § 39-71-1006, MCA, although he argues that he is entitled to them pursuant to § 39-71-1014, MCA, which relates to rehabilitation services.

MCA (1991). Quigg is not eligible to receive such rehabilitation benefits while he is incarcerated. Section 39-71-744, MCA (1991). When the existence of a controversy is merely speculative or the issue raised is only hypothetical, this Court will not act. *The Montana Power Co. v. Montana Public Service Comm'n*, 2001 MT 102, ¶ 32, 305 Mont. 260, ¶ 32, 26 P.3d 91, ¶ 32 (citation omitted). Here, Quigg's future entitlement to rehabilitation benefits, if any, is contingent on his release from incarceration and thus is merely speculative. The Workers' Compensation Court correctly held that this issue is not ripe for adjudication and is non-justiciable.

¶13 Likewise, Quigg is not eligible for disability benefits while he is incarcerated. *See* § 39-71-744, MCA (1991). Nevertheless, Quigg requests disability benefits that purportedly were due prior to his being re-imprisoned. Whereas rehabilitation benefits are intended to enable the injured worker to search for new employment or obtain job training, disability benefits are intended to compensate the worker for lost wages. In this case, Quigg cannot procure new employment or job training until he is released, so his disability benefits cannot be overdue. Indeed, he has not suggested that he could receive these benefits while he remains in prison. Quigg argues, however, that disability benefits are overdue for the wages he lost prior to his being re-imprisoned and that his legal right to them would pass to his estate if he were to die in prison. Accordingly, we will comment briefly on the merits of his purported right to disability benefits.

¶14 Assuming, *arguendo*, that Quigg was entitled to disability benefits, the Workers' Compensation Court nonetheless correctly granted summary judgment with respect to his

claims for temporary total disability benefits and permanent partial disability benefits. Such weekly benefits consist of 66-2/3 percent of an injured worker's average wage during the four pay periods immediately preceding the injury. Section 39-71-123(3), MCA (1991); § 39-71-701(3), MCA (1991); § 39-71-703(4), MCA (1991). Wages from concurrent employment should be considered in calculating one's wage. Section 39-71-123(4), MCA (1991); *Lovell v. State Compensation Mut. Ins. Fund* (1993), 260 Mont. 279, 287, 860 P.2d 95, 100. Quigg received no wage for the community service he performed. Quigg asserts that he was "unable to resume his regular employment" as a result of his injury. Yet, he does not provide any admissible evidence of the wages he earned in his purportedly concurrent employment nor in what capacity he was employed, let alone confirmation that he was concurrently employed when injured. Accordingly, we conclude that he had earned no wages and therefore could not recover any amount in disability benefits.

¶15 Having determined that the Workers' Compensation Court correctly granted summary judgment with respect to each of Quigg's claims for relief without invoking § 39-71-118(1)(f), MCA (1991), we will not address his challenge to the constitutionality of this provision. *See State v. Still* (1995), 273 Mont. 261, 263, 902 P.2d 546, 548 (citations omitted).

¶16 Therefore, we affirm.

/S/ W. WILLIAM LEAPHART

We concur:

7

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ JOHN WARNER
/S/ BRIAN MORRIS