No. 04-371

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 330

MARTY BOSCH,

       Plaintiff and Appellant,

   v.

TOWN PUMP, INC.,

       Defendant and Respondent.

APPEAL FROM:    District Court of the Second Judicial District,
                     In and For the County of Silver Bow, Cause No. DV-02-320
                     Honorable John W. Whelan, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

              Walter M. Hennessey; Hennessey Law Office,
              Butte, Montana

       For Respondent:

              Brendon J. Rohan; Poore, Roth & Robinson,
              Butte, Montana

Submitted on Briefs:  October 26, 2004

Decided:   November 23, 2004

Filed:

_____
                     Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Marty Bosch (Bosch) appeals from the judgment entered by the Second Judicial District Court, Silver Bow County, on its order granting the motion for judgment on the pleadings filed by Town Pump, Inc. (Town Pump). We affirm.

¶2 The issue on appeal is whether the District Court erred in concluding that Bosch's complaint was barred by the applicable statute of limitations.

## BACKGROUND

¶3 On December 26, 2002, Bosch filed a complaint in the District Court against Town Pump. The complaint alleged that, on December 24, 1999, Bosch was injured when he tripped and fell in the parking lot of the Town Pump convenience store in Deer Lodge, Montana. The complaint further alleged that Bosch's injuries were caused by Town Pump's negligence and requested damages. Town Pump answered the complaint and raised various affirmative defenses, including that Bosch's complaint was barred by the applicable statute of limitations. Town Pump subsequently moved the District Court for judgment on the pleadings pursuant to Rule 12(c), M.R.Civ.P., asserting that, based on the allegations of the complaint and the date on which it was filed, Bosch's claims were barred by the statute of limitations. The District Court agreed, granted the motion and entered judgment in favor of Town Pump. Bosch appeals.

STANDARD OF REVIEW

¶4	A party moving for judgment on the pleadings pursuant to Rule 12(c), M.R.Civ.P., must establish that no material issues of fact exist and the moving party is entitled to judgment as a matter of law. Paulson v. Flathead Conservation Dist., 2004 MT 136, ¶ 17, 321 Mont. 364, ¶ 17, 91 P.3d 569, ¶ 17. "The pleadings are to be construed in the light most favorable to the nonmoving party, whose allegations are taken as true." Paulson, ¶ 17. A district court's ruling on a motion for judgment on the pleadings is a matter of law, and we review the court's conclusions of law to determine whether they are correct. Paulson, ¶ 17.

DISCUSSION

¶5	Did the District Court err in concluding that Bosch's complaint was barred by the applicable statute of limitations?

¶6	In addressing Town Pump's motion for judgment on the pleadings, the District Court determined that, pursuant to the allegations in his complaint, Bosch's injury occurred on December 24, 1999. The court further determined that the applicable statute of limitations for Bosch's negligence action was three years, as provided in § 27-2-204(1), MCA. Based on these determinations, the District Court concluded that the three-year statute of limitations ran on December 24, 2002, and Bosch's complaint--filed on December 26, 2002--was time-barred. Bosch asserts that the District Court's conclusion is erroneous.

¶7	Generally, a statute of limitations period begins to run when a claim or cause of action accrues. Section 27-2-102(2), MCA. "[A] claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the

3

claim or cause is complete, and a court or other agency is authorized to accept jurisdiction of the action." Section 27-2-102(1)(a), MCA. The parties agree that--taking the allegations of the complaint as true--Bosch's cause of action accrued on December 24, 1999, the date on which his injury occurred. They also agree that the applicable statute of limitations is set forth in § 27-2-204(1), MCA, which provides that "the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years." Furthermore, "an action is commenced when the complaint is filed." Section 27-2-102(1)(b), MCA. Here, Bosch's complaint was filed on December 26, 2002. The parties dispute whether, by filing his complaint on December 26, 2002, Bosch commenced his action within the three-year statute of limitations period.

¶8 Rule 6(a), M.R.Civ.P., provides, in pertinent part, that

> [i]n computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days.

Thus, in computing the statute of limitations in this case, December 24, 1999--the day on which Bosch's injury occurred--is not included and the three years is counted beginning with December 25, 1999, as the first day. Bosch contends that counting forward three years from December 25, 1999, results in the statute of limitations period expiring on December 25, 2002. He further contends that, because December 25, 2002, was a legal holiday, he had

4

until the next business day to file his complaint. Thus, according to Bosch, his complaint was timely filed on December 26, 2002. Town Pump responds that the three-year statute of limitations ran on December 24, 2002, which was neither a weekend day nor a legal holiday, and Bosch's complaint was untimely. Town Pump further asserts that Bosch's calculation of when the statute of limitations ran results in impermissibly extending the limitations period to three years and one day.

¶9　As stated above, § 27-2-204(1), MCA, provides that "the period prescribed for the commencement of an action upon a liability not founded upon an instrument in writing is within 3 years." A "year" is defined as "1. Twelve calendar months beginning January 1 and ending December 31. --Also termed *calendar year*. 2. A consecutive 365-day period beginning at any point; a span of twelve months." BLACK'S LAW DICTIONARY 1646 (8th ed. 2004). Additionally, a "year" is defined for purposes of the Montana Code Annotated as "a calendar year." Section 1-1-301(5), MCA. Applying these definitions, we conclude that a one-year period is calculated as starting on a given day and ending on the date one day prior to the start day in the next calendar year. For example, a one-year limitations period beginning with a start date of November 16, 1994, ends on November 15, 1995. This calculation method mirrors that used by the federal courts in applying Rule 6(a), Fed.R.Civ.P., which is substantially similar to our Rule 6(a), M.R.Civ.P. See, e.g., Lagandaon v. Ashcroft (9th Cir. 2004), 383 F.3d 983, 991-92; Merriweather v. City of Memphis (6th Cir. 1997), 107 F.3d 396, 398-99; Bailey v. Faux (D. Utah 1989), 704 F.Supp.

5

1051, 1053. Thus, in the present case, a three-year limitations period with a start date of December 25, 1999, ends on December 24, 2002.

¶10 Bosch relies on several federal cases to support his argument that the three-year period beginning December 25, 1999, ended on December 25, 2002. However, in several of the cases Bosch cites, the federal courts calculated the running of the limitations period in the same manner set forth above. See Rogers v. United States (1st Cir. 1999), 180 F.3d 349, 354-55; Flanagan v. Johnson (5th Cir. 1998), 154 F.3d 196, 200-01; Joseph v. McGinnis (2nd Cir. 1998), 150 F.3d 103, 104. Thus, we conclude these cases are of no assistance to Bosch. Moreover, Paynter v. Chesapeake and Ohio Railway (W.D. Vir. 1973), 60 F.R.D. 153, on which Bosch relies most heavily as supporting his argument, has been criticized as misunderstanding and misapplying Rule 6(a), Fed.R.Civ.P. See Merriweather, 107 F.3d at 400. We conclude that Paynter and Bosch's final cited case--Deitz v. Bowman (D.S.D. 1975), 403 F.Supp. 1111--which relied on Paynter to reach a similar result, are unpersuasive.

¶11 We conclude that the District Court did not err in determining that the three-year statute of limitations applicable in this case expired on December 24, 2002. Furthermore, the parties do not dispute that December 24, 2002, was neither a weekend day nor a legal holiday. Consequently, we also conclude that the court did not err in concluding that Bosch's complaint filed on December 26, 2002, was untimely. We hold, therefore, that the District Court did not err in concluding that Bosch's complaint was barred by the applicable statute of limitations and granting judgment on the pleadings to Town Pump on that basis.

¶12 Affirmed.

/S/ KARLA M. GRAY

6

We concur:


/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE