DA 06-0531

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2007 MT 305

DUANE J. KESSEL,

      Petitioner and Appellee,

  v.

LIBERTY NORTHWEST INSURANCE
CORPORATION,

      Respondent, Insurer and Appellant.

| | |
|---|---|
| APPEAL FROM: | Montana Workers' Compensation Court, WCC No. 2004-1189<br>Honorable James Jeremiah Shea on certification of<br>Honorable Mike McCarter's Order |

COUNSEL OF RECORD:

      For Appellant:

            Larry W. Jones, Law Offices of Larry W. Jones, Missoula, Montana

      For Appellee:

            Laurie Wallace, Bothe & Lauridsen, PC, Columbia Falls, Montana

            Jon Heberling, McGarvey, Heberling, Sullivan & McGarvey,
            Kalispell, Montana

                    Submitted on Briefs:  March 14, 2007

                              Decided:  November 27, 2007

Filed:

                            _____
                                     Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    Duane Kessel (Kessel), a former employee of Stimson Lumber Company (Stimson) in Libby, Montana, sought compensation and medical benefits for an occupational disease he allegedly derived from asbestos exposure while working at Stimson. Liberty Northwest Insurance Corporation (Liberty), as insurer of Stimson, moved for summary judgment on the ground that Kessel's Petition was time-barred. The Workers' Compensation Court (WCC) denied Liberty's motion. Liberty appeals. We affirm.

## ISSUE

¶2    A restatement of the issue on appeal is:

¶3    Did the WCC err when it ruled that the two-year statute of limitations provided for at § 39-71-2905(2), MCA, does not begin to run until after the occupational disease evaluator issues its report?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4    Kessel worked for Stimson from 1993 until January 2001 during which time he asserts he contracted asbestos-related lung disease. He submitted a claim for occupational disease (OD) benefits on December 3, 2001. On August 2, 2002, an adjuster for Liberty wrote a letter to Kessel informing him that:

> Based on the healthcare information received as of this date, this letter is to notify you that your claim for asbestos related disease is denied. It is our opinion there is not sufficient evidence to indicate this is related to your employment at Stimson Lumber Co.

¶5     On August 22, 2002, the Department of Labor and Industry (DOLI) in accordance with § 39-72-602(2)(a), MCA (1999), notified Kessel and Liberty that a medical panel examination of Kessel had been scheduled for September 20, 2002. Kessel contacted Liberty and requested cancellation of the evaluation. Liberty replied that it was constrained by § 39-72-602, MCA, which required such an evaluation when an insurer has not accepted liability for an occupational disease claim. It acquiesced however to cancellation but did so without waiving "any other rights or defenses that it may have with regard to [the] claims."

¶6     On August 2, 2004, Kessel submitted a Petition for Workers' Compensation Mediation Conference to the DOLI. The conference took place on August 27, 2004. The mediator issued a recommendation on August 31, 2004, and mailed it to the parties on September 2, 2004. Subsequently, on October 18, 2004, Kessel underwent an occupational disease panel evaluation (OD evaluation). The doctor who conducted the evaluation concluded that Kessel was suffering from asbestos-related lung disease as a result of his employment. On November 12, 2004, Kessel filed a Petition for Hearing with the WCC. On January 31, 2005, Liberty moved for summary judgment on the ground that the two-year statute of limitations period provided in § 39-71-2905(2), MCA, had run prior to Kessel filing his Petition.

¶7     Liberty requested a hearing on its motion which was held on March 28, 2005. On August 4, 2005, the WCC, by order of then-WCC Judge McCarter, denied Liberty's motion and ruled that Kessel's Petition had been filed within the applicable statute of limitations period. The trial scheduled for the week of October 31, 2005, was vacated by

agreement of counsel so that the parties could resolve the statute of limitations issue before proceeding to trial. Counsel stipulated to certification, and on July 10, 2006, current-WCC Judge Shea ordered that the August 4, 2005 ruling denying Liberty's motion for summary judgment be certified as final for purposes of appeal. Liberty filed a Notice of Appeal with this Court on July 12, 2006.

## STANDARD OF REVIEW

¶8 We review a Workers' Compensation Court's findings of fact to determine whether those findings are supported by substantial evidence. We review a WCC's conclusions of law to determine whether those conclusions are correct. *Preston v. Transportation Ins. Co.*, 2004 MT 339, ¶ 19, 324 Mont. 225, ¶ 19, 102 P.3d 527, ¶ 19 (citation omitted).

## DISCUSSION

¶9 *Issue: Did the WCC err when it ruled that the two-year statute of limitations provided for at § 39-71-2905, MCA, does not begin to run until after the occupational disease evaluator issues its report?*

¶10 Based on Kessel's January 2001 last working day at Stimson, the statutes applicable to his case are the 1999 versions of the Workers' Compensation Act, §§ 39-71-101 through 2914, MCA (WCA), and the Occupational Disease Act of Montana, §§ 39-72-101 through 714, MCA (ODA) (repealed 2005). *Buckman v. Montana Deaconess Hosp.*, 224 Mont. 318, 321, 730 P.2d 380, 382 (1986) (law in effect on the date of the injury determines compensation), and *Gidley v. W.R. Grace & Co.*, 221 Mont. 36, 38, 717 P.2d 21, 22 (1986) (The last date of actual employment sets the contractual rights of the parties.). Section 39-72-402(1), MCA (1999), provides that

4

except as otherwise specified, the practice and procedure prescribed in the WCA applies to proceedings under the ODA. The relevant provisions of the two acts are:

Section 39-71-2905, MCA, (1999) (of the WCA) which provided:

(1) A claimant or an insurer who has a dispute concerning any benefits under chapter 71 of this title may petition the workers' compensation judge for a determination of the dispute after satisfying dispute resolution requirements otherwise provided in this chapter. . . . After parties have satisfied dispute resolution requirements provided elsewhere in this chapter, the workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71 . . . .

(2) A petition for hearing before the workers' compensation judge must be filed within 2 years after benefits are denied.

Section 39-72-602, MCA, (1999) (of the ODA) provided:

Insurer may accept liability -- procedure for medical examination when insurer has not accepted liability.

(1) An insurer may accept liability for a claim under this chapter based on information submitted to it by a claimant.

(2) In order to determine the compensability of claims under this chapter when an insurer has not accepted liability, the following procedure must be followed:

(a) The department shall direct the claimant to an evaluator on the list of physicians for an examination. The evaluator shall conduct an examination to determine whether the claimant is totally disabled and is suffering from an occupational disease. In the case of a fatality, the evaluator shall examine the records to determine if the death was caused by an occupational disease. The evaluator shall submit a report of the findings to the department.

(b) Within 7 working days of receipt, the department shall mail the report of the evaluator's findings to the insurer and claimant.

(c) Upon receipt of the report, if a dispute exists over initial compensability of an occupational disease, it is considered a dispute that, after mediation pursuant to department rule, is subject to the jurisdiction of the workers' compensation court.

¶11 Liberty maintained that Kessel's Petition was time-barred, and posited the following alternative theories to the WCC in support of its position:

- Section 39-71-2905(2), MCA, does not include a tolling provision and is a statute of repose, *not* a statute of limitation. A statute of repose cannot be tolled by a mediation request or an OD evaluation. Kessel's cause of action accrued on August 2, 2002—the day Liberty denied his claim for benefits—and the two-year time period expired on August 1, 2004.

- *If* the two-year time period in § 39-71-2905(2), MCA, can be tolled by a mediation request, Kessel's request filed on August 2, 2004, was filed one day too late.

- *If* the two-year time period actually expired on August 2, 2004, rather than August 1, *and* the statute can be tolled by a mediation request, it cannot be tolled further by an OD evaluation; therefore, in Kessel's case the statute expired on September 25, 2004, twenty-five days after the August 31, 2004, mediation recommendation was issued. As such Kessel's Petition for Hearing filed on November 12, 2004, was untimely.

- Lastly, *if* an OD evaluation can toll the statute, in this case, the limitations period nonetheless expired before Kessel filed his Petition.

¶12     Liberty further maintained that §§ 39-71-2905 and 39-72-602, MCA, can be read harmoniously, and that the statutes when read together simply require that a claimant submit to an OD evaluation within the two-year statutory period.

¶13     Kessel countered that *Preston* supported his contention that the time limitation provided in § 39-71-2905(2), MCA, was tolled by his request for mediation. He further asserted that because his claim was an occupational disease claim, the OD evaluation process mandated in circumstances such as his by § 39-72-602, MCA, also tolled the

two-year statute of limitation. Additionally, he submitted that DOLI allowed the insurer thirty days after the completed OD evaluation recommendation to determine if it would accept or deny the claim. Based on this allowance, Kessel calculated a limitations expiration of November 25, 2004, i.e. October 26, 2004, plus thirty days. Using this calculation, he maintained that his November 12, 2004 Petition was timely filed.

¶14 The WCC, citing *Fleming v. International Paper Co.*, 2005 MTWCC 34, rejected Liberty's argument that the relevant statute is a statute of repose, having held in *Fleming* that it is a statute of limitations that is tolled upon the filing of a mediation petition. Additionally, the court held that under *Bosch v. Town Pump, Inc.*, 2004 MT 330, 324 Mont. 138, 102 P.3d 32, a limitations period is calculated by excluding the day of the event which gives rise to the claim. In this case, August 2, 2002, is the day the claim arose; therefore, the statute of limitations began running on August 3, 2002. As a result, August 2, 2004, was the last day of the limitations period *and* the day that Kessel requested mediation which stopped the running of the limitations period. However, after so finding, the WCC then held that "the event triggering the limitations period under section 39-71-2905(2), MCA (1995-2003), [was] not Liberty's original denial but rather its denial **after** the medical panel evaluation" (emphasis in original); therefore, Kessel's November 12, 2004, filing of his Petition was within the statute of limitations.

¶15 The WCC reasoned that §§ 39-71-2905 and 39-72-602, MCA, must be read and applied together. By so doing, the court concluded that Liberty's letter denying Kessel's occupational disease claim on August 2, 2002, was a "non-acceptance" rather than a "denial" under § 39-72-602, MCA. The court explained:

7

The language of [§ 39-72-602, MCA,] indicates that an initial, premedical panel denial of an occupational disease claim is to be treated as nonfinal, i.e., a "nonacceptance" rather than a denial. The section expressly requires that where a claim is not initially accepted, the medical panel provisions must be followed, and only after a report is issued does a denial become a dispute which is both subject to mediation and to the jurisdiction of the Workers' Compensation Court. Thus, the Workers' Compensation Court lacks jurisdiction over an occupational disease claim which has not been accepted by an insurer until the medical panel provision is satisfied, and until such time, section 39-71-2905(2), MCA (1995-2003), does not come into play. I therefore conclude and hold that the limitations period under section 39-71-2905(2), MCA (1995-2003), did not commence running until November of 2004, **after** the medical panel report issued. Thus, the petition in this case is not time-barred. (Emphasis in original.)

¶16 The rationale underlying the WCC's order appears to be somewhat conflicting—in one part of the order the court, relying on *Preston* and *Bosch*, states that the statute of limitations began running on August 3, 2002, but was tolled by Kessel's request for mediation on August 2, 2004, while, in its conclusion, the court states that the limitations period under § 39-71-2905(2), MCA (1995-2003), did not commence running until after the medical panel report was issued some time in November 2004. While the WCC's interpretation of *Preston* and *Bosch* was correct, we conclude these cases do not dictate the date the statute of limitations began to run in this case. We also conclude that the WCC's holding that the statute did not begin to run until after the OD evaluation report was issued was correct.

¶17 Whether the statute of limitations applicable to this case is tolled until after a statutorily-mandated OD evaluation has been conducted is a question of first impression for this Court. As stated by the WCC, resolution of this issue requires the joint reading and application of both relevant statutes. We begin with § 39-72-602, MCA (1999),

8

which expressly states that in the event an insurer "has not accepted liability," the DOLI *must* direct the claimant to an evaluator and an examination *must* be performed. The language of the statute is unequivocal and mandatory. While Liberty takes issue with the WCC's characterization that its denial in August 2002 was a "nonacceptance" of Kessel's claim under § 39-72-602, MCA, rather than a denial which triggered the two-year limitations period in § 39-71-2905, MCA, the fact remains that under the language of the statute, a final "denial" of an OD claim cannot take place until after an OD evaluation has been conducted. Turning to § 39-71-2905, MCA, the statute plainly, and without ambiguity, states that a petition for hearing before the workers' compensation judge must be filed within 2 years after benefits are denied. Again, however, interpreted in the context of § 39-72-602, MCA, such a denial in an OD claim can take place only after an OD evaluation has been conducted.

¶18 Liberty argues that the statutes, read together, can operate simultaneously by requiring that an OD evaluation be conducted within the two-year statutory period. It maintains that, as a result of the WCC's interpretation, § 39-71-2905(2), MCA, now reads, "A petition for hearing before the workers' compensation judge must be filed within 2 years after benefits are denied*, and after an injured worker can file for mediation and then petition the Court.*" The insurer opines that the court's interpretation violates the rule of statutory construction that a judge is "not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. We note, however, that § 39-72-602, MCA, of the now-repealed ODA, did not impose a requirement that a claimant submit to the statutorily-required medical examination within a specific amount

9

of time. Were we to adopt Liberty's construction of the statute, we would, in essence, be inserting a requirement that an evaluator conduct an OD examination within two years of the insurer's notice to the claimant that it "has not accepted liability." Moreover, we would be required to omit, or ignore, the mandatory language that, in a case where an insurer has not accepted liability, an OD evaluation must occur <u>before</u> a dispute can be presented to and resolved by the WCC.

¶19 We acknowledge concerns that our interpretation could result in an OD claimant's claim being open for an indeterminate amount of time after discovery of the medical condition underlying the claim. However, our ruling in this case will, in any event, have limited application. Section 39-71-2905, MCA, was enacted in 1997. The Occupational Disease Act was repealed, effective July 1, 2005. Therefore our ruling will apply only to those OD cases arising prior to June 30, 2005, where medical evaluations have already occurred. Moreover, it is reasonable to conclude that claimants will not unnecessarily delay the evaluation as such delay will also delay receipt of benefits.

¶20 Having determined that Liberty did not "deny" Kessel's OD claim until sometime after the DOLI issued the OD examination report on October 26, 2004, Kessel's Petition filed on November 12, 2004, is timely. Therefore, under the circumstances of this case, we conclude the Workers' Compensation Court's findings are supported by the evidence and that its conclusion of law is correct.

## CONCLUSION

¶21 For the foregoing reasons, we affirm the Workers' Compensation Court.

/S/ PATRICIA COTTER


We Concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART